UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS WILNER, JONATHAN HAFETZ, GITANJALI GUTIERREZ, MICHAEL J. STERNHELL, JONATHAN WELLS DIXON, JOSHUA COLANGELO-BRYAN, TINA M. FOSTER, BRIAN J. NEFF, ALISON SCLATER, MARC D. FALKOFF, JOSEPH MARGULIES, SCOTT S. BARKER, ANNE J. CASTLE, JAMES E. DORSEY, ASMAH TAREEN, RICHARD A. GRIGG, THOMAS R. JOHNSON, GEORGE BRENT MICKUM IV, STEPHEN M. TRUITT, DAVID H. REMES, H. CANDACE GORMAN, CHARLES CARPENTER, JOHN A. CHANDLER, CLIVE STAFFORD SMITH, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL SECURITY AGENCY and DEPARTMENT OF JUSTICE <br><br> Defendants. | Judge Denise L. Cote <br><br> No. 07-CIV-3883 |

RECEIVED JUN 28 2007 U.S.D.C. S.D. N.Y. CASHIERS

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the production of agency records improperly withheld from plaintiffs by defendants National Security Agency ("NSA") and Department of Justice ("DOJ").

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

*Parties*

3. Plaintiffs are lawyers who provide or have provided legal representation to individuals detained at Guantánamo Bay Naval Station, Cuba (hereinafter referred to as

"detainees"). Thomas Wilner is an attorney at Shearman & Sterling LLP, an international law firm based in New York. Jonathan Hafetz is a New York resident and an attorney at the Brennan Center for Justice at New York University School of Law. Gitanjali Gutierrez is a New York resident and an attorney at the Center for Constitutional Rights, a New York-based non-profit legal organization. Michael J. Sternhell is a New York resident and an attorney at Kramer Levin Naftalis & Frankel LLP in New York. Jonathan Wells Dixon is a New York resident and an attorney at the Center for Constitutional Rights; at the time of the FOIA request, Plaintiff Dixon was an attorney at Kramer Levin Naftalis & Frankel LLP. Joshua Colangelo-Bryan is a New York resident and an attorney at the New York office of Dorsey & Whitney LLP, an international law firm. Tina M. Foster is a New York resident and an attorney at the International Justice Network, a non-profit legal organization; at the time of the FOIA request, Plaintiff Foster was an attorney at the Center for Constitutional Rights. Brian J. Neff is an attorney in the New York office of Schiff Hardin LLP. Alison Sclater is a New York resident and an attorney and the New York Program Coordinator for Pro Bono Net, Inc.; at the time of the FOIA request, Plaintiff Sclater was an attorney at Kramer Levin Naftalis & Frankel LLP. Marc D. Falkoff is an attorney and assistant professor at Northern Illinois University College of Law; at the time of the FOIA request, he was an attorney at the New York office of Covington & Burling LLP, an international law firm. Joseph Margulies is an attorney employed by the MacArthur Justice Center at the Northwestern University School of Law. Scott S. Barker and Anne J. Castle are attorneys in the Denver office of Holland & Hart LLP. James E. Dorsey and Asmah Tareen are attorneys in the Minneapolis office of Fredrikson & Byron P.A., an international law firm. Richard A. Grigg is an attorney at Spivey & Grigg LLP in Austin, Texas. Thomas R. Johnson is an attorney in the Portland, Oregon office of Perkins Coie LLP, an

international law firm. George Brent Mickum IV is an attorney at Spriggs & Hollingsworth LLP in Washington, D.C.; at the time of the FOIA request, Plaintiff Mickum was an attorney with the Washington, D.C. office of Keller & Heckman LLP, an international law firm. Stephen M. Truitt is an attorney engaged in private practice in Washington, D.C. David H. Remes is an attorney with the Washington, D.C. office of Covington and Burling LLP, an international law firm. H. Candace Gorman is an attorney engaged in private practice in Chicago, Illinois. Charles Carpenter is an attorney in the Washington, D.C. office of Pepper Hamilton LLP. John A. Chandler is an attorney with the Atlanta, Georgia office of Sutherland, Asbill and Brennan LLP. Clive Stafford Smith is a dual U.S. and British citizen and an attorney and the Legal Director for the U.K. branch of Reprieve, a non-profit legal organization.

4. Defendants NSA and DOJ are federal agencies within the meaning of 5 U.S.C. § 552(f) and have possession of the records requested by plaintiffs.

***Statement of Facts***

5. In the wake of the September 11, 2001 terrorist attacks, the U.S. Government began warrantless eavesdropping on the electronic communications, including telephone and email, of thousands of individuals, including U.S. citizens, both within and outside the United States. The program collects identifying information about the communicants and the contents of those communications through recording and/or transcripts of phone calls and/or the text of email correspondence.

6. The U.S. Government's warrantless eavesdropping became public knowledge through media reports in December 2005, and subsequent U.S. Government acknowledgement. President Bush and Attorney General Gonzales have stated that the program is intended to intercept and monitor communications between a party outside the United States and a party

inside the United States when one of the parties to the communication is believed to have links to Al Qaeda, groups supportive of al Qaeda, or to terrorist activity generally.

7. Plaintiffs represent men detained at the U.S. Naval base in Guantánamo Bay, Cuba as part of the "war on terror." Upon information and belief, plaintiffs' electronic and/or telephonic communications have been monitored by defendant agencies and records of those communications have been compiled and retained by the defendant agencies because of plaintiffs' representation of detainees and plaintiffs' international communications with clients, released detainees, family members of detainees and/or organizations, business and individuals affiliated with detainees outside of the United States.

8. By separate letters to NSA and DOJ dated January 18, 2006, plaintiffs submitted FOIA requests for, among other records:

> FOIA Request No. 1:
> A list of records obtained or relating to ongoing or completed warrantless electronic surveillance or physical searches regarding, referencing or concerning any of the plaintiffs; and
>
> FOIA Request No. 3:
> All policies, procedures, guidelines or practices for the interception of communications pursuant to the previously described warrantless surveillance program.

*National Security Agency Request*

9. By facsimile received on April 21, 2006, the NSA produced only two "Director's Message" documents that had been publicly released and referred one document to an unidentified agency for processing. The NSA refused to produce any other documents.

10. By letter dated May 1, 2006, plaintiffs filed an administrative appeal with the NSA challenging its refusal to disclose the records the plaintiffs requested.

11. By letter dated August 31, 2006, the NSA denied plaintiffs' appeal.

4

*Department of Justice Request*

12.     By letter dated October 16, 2006, the DOJ Office of Information and Privacy released 85 pages of documents without excision and two documents with excisions, and stated it was withholding 84 pages and an electronic email in full.

13.     By letter dated December 14, 2006, plaintiffs filed an administrative appeal with the DOJ Office of Information and Privacy challenging its refusal to disclose the records the plaintiffs requested.

14.     By letter dated November 16, 2006, the DOJ Criminal Division stated it had no records reflecting warrantless electronic surveillance or physical searches in the United States from September 11, 2001, to the date of the plaintiffs' FOIA request.

15.     By letter dated January 13, 2007, plaintiffs filed an administrative appeal challenging the DOJ Criminal Division's denial of records.

16.     By separate letters dated February 5, 2007, the DOJ denied both of plaintiffs' appeals.

*Claims for Relief*

17.     To date, neither the NSA nor the DOJ have provided the plaintiffs with all of the records they requested.

18.     Plaintiffs have a statutory right to the records that they seek, and there is no legal basis for the defendants' refusal to disclose them.

WHEREFORE, plaintiffs respectfully request this Court to:

(1)     Declare that defendants' refusal to disclose the records requested by plaintiffs is unlawful;

(2)     Order defendants to make the requested records described in Paragraph 8 above available to plaintiffs without further delay;

(3)   Award plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

(4)   Grant such other and further relief as this Court may deem just and proper.

                Respectfully submitted,

Shayana Kadidal [SK-1278]
Michael Ratner [MR-3357]
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012-2317
212-614-6438

James R. Rubin
Julie P. Shelton
R. Cantrell Jones
Kendric M. Cobb
Merkys I. Gomez
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street
Suite 1800
Chicago, Illinois 60602
312-444-9660

Dated: June 28, 2007

*Attorneys for Plaintiffs*