# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

THOMAS WILNER, et al.,

      Plaintiffs,

          v.

NATIONAL SECURITY AGENCY and
UNITED STATES DEPARTMENT OF JUSTICE,

      Defendants

_____

Civil No. 07-3883 (DLC)

## ANSWER TO AMENDED COMPLAINT FOR DECLARATORY
## AND INJUNCTIVE RELIEF

Defendants, the National Security Agency and the United States Department of Justice, by and through their undersigned counsel, hereby answer plaintiffs' Amended Complaint in the captioned matter as follows:

### First Affirmative Defense

Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Court lacks subject matter jurisdiction over plaintiffs' Amended Complaint because defendants have not improperly withheld information within the meaning of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

### Third Affirmative Defense

The FOIA request that is the subject of this lawsuit may implicate certain information that is protected from disclosure by one or more statutory exemptions. Disclosure of such information is not required or permitted.

Fourth Affirmative Defense

Defendants deny each and every allegation contained in the Amended Complaint except as hereinafter may be expressly admitted.

In response to the numbered paragraphs and sentences of the Amended Complaint, defendants admit, deny, or otherwise respond as follows:

1.      The allegations contained in this paragraph consist of plaintiffs' characterization of their Amended Complaint, to which no response by defendants is required.  To the extent a response is deemed required, defendants admit that this action arises under FOIA and that the National Security Agency ("NSA") and the Department of Justice ("DOJ") are named defendants, but deny the remainder of the allegations contained in this paragraph.

2.      The allegation contained in this paragraph consists of a legal conclusion to which no response from defendants is required.  To the extent a response is deemed required, the allegation is denied.

3.      With the exception of plaintiff Asmah Tareen, Defendants admit that the named plaintiffs have entered appearances on behalf of individuals detained at Guantanamo Bay Naval Station, Cuba, and that the named plaintiffs were employed as stated in this paragraph at some point in time.  Defendants lack knowledge or information sufficient to state a belief as to the truth of the allegations concerning plaintiff Tareen, and lack knowledge or information sufficient to state a belief as to the truth of the remainder of the allegations contained in this paragraph.

4.      Defendant admits that DOJ is a federal agency within the meaning of 5 U.S.C. § 552(f), but denies that the NSA is a federal agency within the meaning of that statute.  With respect to the remainder of the allegations contained in this paragraph, defendants admit that they have possession and control of records responsive to certain portions of plaintiffs' request.

Defendants can neither admit nor deny whether they have possession and control of records responsive to certain other portions of plaintiffs' request, because to do so would require the disclosure of classified information, or could tend to reveal classified information.

5.      The allegations contained in this paragraph constitute plaintiffs' characterization of matters contained in published news reports, to which no response by defendants is required. To the extent a response is deemed required, with respect to the allegations contained in the first sentence, defendants admit that, in a radio address made on December 17, 2005, the President of the United States described certain activities of the NSA which he authorized following the terrorist attacks of September 11, 2001. The Court is respectfully referred to the transcript of that radio address, available at http://www.whitehouse.gov/news/releases/2005/12/20051217.html, for a full and accurate description of the President's statement. As to any allegation contained in this paragraph that does not appear in an official public statement of the President or other government official, defendants can neither admit nor deny those allegations because to do so would require the disclosure of classified information, or could tend to reveal classified information.

6.      The allegations contained in this paragraph constitute plaintiffs' characterization of matters contained in published news reports and public addresses by government officials, to which no response by defendants is required. To the extent a response is deemed required, defendants admit that, in a radio address made on December 17, 2005, the President of the United States described certain activities of the NSA which he authorized following the terrorist attacks of September 11, 2001, and that the Attorney General of the United States subsequently addressed those activities in public statements. The Court is respectfully referred to the transcript of the President's radio address and to the Attorney General's public statements, many of which are available at www.usdoj.gov, for a full and accurate description of these statements. As to any

allegation contained in this paragraph that does not appear in an official public statement of the President or other government official, defendants can neither admit nor deny those allegations because to do so would require the disclosure of classified information, or could tend to reveal classified information.

7.     As to the allegations contained in the first sentence of this paragraph, defendants admit that the named plaintiffs, with the exception of Plaintiff Tareen, have entered appearances on behalf of certain individuals detained at Guantanamo Bay Naval Station, Cuba, as part of the Global War on Terror. Defendants lack knowledge or information sufficient to state a belief as to the truth of the allegations contained in the first sentence of this paragraph concerning plaintiff Tareen. As to the allegations contained in the second sentence of this paragraph, defendants can neither admit nor deny those allegations because to do so would require the disclosure of classified information, or could tend to reveal classified information.

8.     Defendants admit that by separate letters dated January 18, 2006, plaintiffs submitted FOIA requests for records. The remainder of the allegations contained in this paragraph reflect narrower requests for records than those contained in plaintiffs' FOIA requests. The Court is respectfully referred to those requests for a full and accurate statement of their contents.

9.     With respect to the allegations contained in the first sentence of this paragraph, defendants lack knowledge or information sufficient to form a belief as to when NSA's response was received by plaintiffs, but aver that the response from NSA was dated and sent February 28, 2006, and a copy was faxed to plaintiffs – when they reported they had not received it – on April 21, 2006, although defendants note that plaintiffs' May 1, 2006, letter filing an administrative appeal recites that NSA's response was received March 21, 2006. NSA admits the remainder of

the allegations contained in this paragraph.

     10.     Admitted.

     11.     Admitted.

     12.     Admitted.

     13.     Admitted.

     14.     Defendants admit that the Criminal Division responded to plaintiffs' FOIA request by letter dated November 16, 2006, but deny the remainder of the allegations contained in this paragraph.  The Court is respectfully referred to that response for a full and accurate statement of its contents.

     15.     Admitted.

     16.     Admitted.

     17.     Admitted.

     18.     The allegations contained in this paragraph consist of legal conclusions to which no response from defendants is required.  To the extent a response is deemed required, the allegations are denied.

     WHEREFORE, having fully answered plaintiffs' Complaint, defendants prays for judgment dismissing plaintiffs' Amended Complaint with prejudice and for such further relief as the Court may deem just.

                    Respectfully submitted,

                    PETER D. KEISLER
                    Assistant Attorney General, Civil Division

                    JOSEPH H. HUNT
                    Director, Federal Programs Branch

JOHN R. TYLER
Senior Trial Counsel
Federal Programs Branch, Civil Division


_____/s/ Rupa Bhattacharyya_____
RUPA BHATTACHARYYA (VA# 38877)
Senior Trial Counsel
Federal Programs Branch, Civil Division
United States Department of Justice
P.O. Box 883, 20 Massachusetts Ave., N.W.
Washington, D.C.  20044
Tel: (202) 514-3146
Fax: (202) 318-7593
Email: rupa.bhattacharyya@usdoj.gov

Dated:   August 2, 2007.