UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS WILNER, JONATHAN HAFETZ, GITANJALI GUTIERREZ, MICHAEL J. STERNHELL, JONATHAN WELLS DIXON, JOSHUA COLANGELO-BRYAN, TINA M. FOSTER, BRIAN J. NEFF, ALISON SCLATER, MARC D. FALKOFF, JOSEPH MARGULIES, SCOTT S. BARKER, ANNE J. CASTLE, JAMES E. DORSEY, ASMAH TAREEN, RICHARD A. GRIGG, THOMAS R. JOHNSON, GEORGE BRENT MICKUM IV, STEPHEN M. TRUITT, DAVID H. REMES, H. CANDACE GORMAN, CHARLES CARPENTER, JOHN A. CHANDLER, CLIVE STAFFORD SMITH ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge Denise L. Cote<br><br>No. 07-CIV-3883 |
| Plaintiffs, ) ) ) | |
| v. ) ) | |
| NATIONAL SECURITY AGENCY and DEPARTMENT OF JUSTICE, ) ) ) ) ) ) | |
| Defendants. ) ) | |

**SECOND AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the production of agency records improperly withheld from plaintiffs by defendants National Security Agency ("NSA") and Department of Justice ("DOJ"), and the following DOJ components: Office of Information & Privacy (OIP), Office of the Attorney General; Office of the Deputy Attorney General; Criminal Division; Federal Bureau of Investigation (FBI); Office of Legal Counsel (OLC); and Office of Solicitor General (OSG).

2.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

*Parties*

3.     Plaintiffs are lawyers who provide or have provided legal representation to individuals detained at Guantánamo Bay Naval Station, Cuba (hereinafter referred to as "detainees"). Thomas Wilner is an attorney at Shearman & Sterling LLP, an international law firm based in New York. Jonathan Hafetz is a New York resident and an attorney at the Brennan Center for Justice at New York University School of Law. Gitanjali Gutierrez is a New York resident and an attorney at the Center for Constitutional Rights, a New York-based non-profit legal organization. Michael J. Sternhell is a New York resident and an attorney at Kramer Levin Naftalis & Frankel LLP in New York. Jonathan Wells Dixon is a New York resident and an attorney at the Center for Constitutional Rights; at the time of the FOIA request, Plaintiff Dixon was an attorney at Kramer Levin Naftalis & Frankel LLP. Joshua Colangelo-Bryan is a New York resident and an attorney at the New York office of Dorsey & Whitney LLP, an international law firm. Tina M. Foster is a New York resident and an attorney at the International Justice Network, a non-profit legal organization; at the time of the FOIA request, Plaintiff Foster was an attorney at the Center for Constitutional Rights. Brian J. Neff is an attorney in the New York office of Schiff Hardin LLP. Alison Sclater is a New York resident, an attorney, and the New York Program Coordinator for Pro Bono Net, Inc.; at the time of the FOIA request, Plaintiff Sclater was an attorney at Kramer Levin Naftalis & Frankel LLP. Marc D. Falkoff is an attorney and assistant professor at Northern Illinois University College of Law; at the time of the FOIA request, he was an attorney at the New York office of Covington & Burling LLP, an international law firm. Joseph Margulies is an attorney employed by the MacArthur Justice Center at the Northwestern University School of Law. Scott S. Barker and Anne J. Castle

are attorneys in the Denver office of Holland & Hart LLP.  James E. Dorsey and Asmah Tareen are attorneys in the Minneapolis office of Fredrikson & Byron P.A., an international law firm. Richard A. Grigg is an attorney at Spivey & Grigg LLP in Austin, Texas.  Thomas R. Johnson is an attorney in the Portland, Oregon office of Perkins Coie LLP, an international law firm. George Brent Mickum IV is an attorney at Spriggs & Hollingsworth LLP in Washington, D.C.; at the time of the FOIA request, Plaintiff Mickum was an attorney with the Washington, D.C. office of Keller & Heckman LLP, an international law firm.  Stephen M. Truitt is an attorney engaged in private practice in Washington, D.C.  David H. Remes is an attorney with the Washington, D.C. office of Covington and Burling LLP, an international law firm.  H. Candace Gorman is an attorney engaged in private practice in Chicago, Illinois.  Charles Carpenter is an attorney in the Washington, D.C. office of Pepper Hamilton LLP.  John A. Chandler is an attorney with the Atlanta, Georgia office of Sutherland, Asbill and Brennan LLP.  Clive Stafford Smith is a dual U.S. and British citizen and an attorney and the Legal Director for the U.K. branch of Reprieve, a non-profit legal organization.

4. Defendants NSA, DOJ, and their components are federal agencies or components thereof within the meaning of 5 U.S.C. § 552(f) and have possession of the records requested by plaintiffs.

### *Statement of Facts*

5. In the wake of the September 11, 2001 terrorist attacks, the U.S. Government began warrantless eavesdropping on the electronic communications, including telephone and email, of thousands of individuals, including U.S. citizens, both within and outside the United States. The program collects identifying information about the communicants and the contents

of those communications through recording and/or transcripts of phone calls and/or the text of email correspondence.

6. The U.S. Government's warrantless eavesdropping became public knowledge through media reports in December 2005, and subsequent U.S. Government acknowledgement. President Bush and former Attorney General Gonzales have stated that the program is intended to intercept and monitor communications between a party outside the United States and a party inside the United States when one of the parties to the communication is believed to have links to Al Qaeda, groups supportive of al Qaeda, or to terrorist activity generally.

7. Plaintiffs represent men detained at the U.S. Naval base in Guantánamo Bay, Cuba as part of the "war on terror." Upon information and belief, plaintiffs' electronic and/or telephonic communications have been monitored by defendant agencies, and records of those communications have been compiled and retained by the defendant agencies because of plaintiffs' representation of detainees and plaintiffs' international communications with clients, released detainees, family members of detainees and/or organizations, businesses and individuals affiliated with detainees outside of the United States.

8. By separate letters to NSA and DOJ dated January 18, 2006, plaintiffs submitted FOIA requests for, among other records:

> FOIA Request No. 1:
> A list of records obtained or relating to ongoing or completed warrantless electronic surveillance or physical searches regarding, referencing or concerning any of the plaintiffs; and
>
> FOIA Request No. 3:
> All policies, procedures, guidelines or practices for the interception of communications pursuant to the previously described warrantless surveillance program.

### *National Security Agency Request*

9. By facsimile received on April 21, 2006, the NSA produced only two "Director's Message" documents that had been publicly released, and referred one document to an unidentified agency for processing. The NSA refused to produce any other documents.

10. By letter dated May 1, 2006, plaintiffs filed an administrative appeal with the NSA challenging its refusal to disclose the records the plaintiffs requested.

11. By letter dated August 31, 2006, the NSA denied plaintiffs' appeal.

### *Department of Justice Request*

12. The DOJ responded to plaintiffs' January 18, 2006 FOIA request in a letter dated July 17, 2006. In that letter, the DOJ stated that it had referred the requests to the following DOJ components: Office of Information & Privacy; Office of the Attorney General; Office of the Deputy Attorney General; Criminal Division; Federal Bureau of Investigation; Office of Legal Counsel; and Office of Solicitor General.

**Office of Information and Privacy, Office of Attorney General and Office of Deputy Attorney General**

13. By letter dated July 21, 2006, the DOJ Office of Information and Privacy, on behalf of the Offices of the Attorney General and Deputy Attorney General, granted the plaintiffs' request for expedited processing.

14. By letter dated October 16, 2006, the DOJ Office of Information and Privacy released 85 pages of documents without excision and two documents with excisions, and stated it was withholding 84 pages and an electronic email in full. In that letter, the Office of Information and Privacy stated that it was continuing to process documents located on behalf of the Office of

the Attorney General, and was continuing its records searches in the Office of the Deputy Attorney General and the Departmental Executive Secretariat.

15. By letter dated December 14, 2006, plaintiffs filed an administrative appeal with the DOJ Office of Information and Privacy challenging its refusal to disclose the records plaintiffs requested.

16. By letter dated February 5, 2007, the DOJ denied plaintiffs' appeal.

**DOJ Criminal Division**

17. By letter dated November 16, 2006, the DOJ Criminal Division stated it had no records reflecting warrantless electronic surveillance or physical searches in the United States from September 11, 2001, to the date of plaintiffs' FOIA request. Further, the DOJ Criminal Division stated that any other responsive documents within the possession of the DOJ Criminal Division would concern the "investigation of the unauthorized disclosure of classified information concerning the Terrorist Surveillance Program (the 'leak investigation') or in connection with other pending criminal prosecutions or investigations" and would therefore be withheld under Exemption 7(a).

18. By letter dated January 13, 2007, plaintiffs filed an administrative appeal challenging the DOJ Criminal Division's denial of records.

19. By letter dated February 5, 2007, the DOJ denied plaintiffs' appeal.

**Federal Bureau of Investigation**

20. By letter dated April 6, 2006, the FBI responded to plaintiffs' January 18, 2006 FOIA request. In that letter, the FBI denied "that portion of [plaintiffs'] request which seeks access to records related to any particular individual." Further, the FBI stated that it was

6

"continuing [its] search efforts with regard to the remaining portions of [plaintiffs'] FOIA request."

21. By letter dated June 5, 2006, plaintiffs filed an administrative appeal challenging the FBI's refusal to disclose the records plaintiffs requested.

22. By letter dated June 20, 2006, the Office of Information and Privacy, on behalf of the FBI, denied plaintiffs' appeal with respect to "the portion of [plaintiffs'] request pertaining to the named individuals referred to as 'Requesting Parties.'" With respect to "the portion of [plaintiffs'] request for records pertaining to 'the development, approval, and implementation of the Executive's warrantless electronic surveillance and/or warrantless physical search program within the United States,'" the request was remanded to the FBI "for proper consideration of [plaintiffs'] request in the first instance." In this letter, the FBI was instructed to give "prompt attention to [plaintiffs'] request for expedited processing." Plaintiffs have received no additional response to their requests from the FBI.

**DOJ Office of Legal Counsel**

23. Plaintiffs have received no response to their requests from the DOJ Office of Legal Counsel.

**Office of Solicitor General**

24. Plaintiffs have received no response to their requests from the DOJ Office of Solicitor General.

*Claims for Relief*

25. To date, neither the NSA, nor the DOJ, nor any of the DOJ components identified herein have provided plaintiffs with all of the records they requested.

26.     Plaintiffs have a statutory right to the records that they seek, and there is no legal basis for the defendants' refusal to disclose them.

WHEREFORE, plaintiffs respectfully request this Court to:

(1)     Declare that defendants' refusal to disclose the records requested by plaintiffs is unlawful;

(2)     Order defendants to make the requested records described in Paragraph 8 above available to plaintiffs without further delay;

(3)     Award plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

(4)     Grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

_____
Pardiss Kebriaei [PK-0415]
Shayana Kadidal [SK-1278]
Michael Ratner [MR-3357]
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012-2317
Tel: (212) 614-6438
Fax: (212) 614-6499

James R. Rubin
Julie P. Shelton
Karen Borg
Mark A. Schwartz
R. Cantrell Jones
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street
Suite 1800
Chicago, Illinois 60602
Tel: (312) 444-9660

Dated:  New York, New York        *Attorneys for Plaintiffs*
        November 2, 2007

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on **November 2, 2007**, she caused the foregoing **Second Amended Complaint for Declaratory and Injunctive Relief** to be served on the following attorney via Federal Express Delivery:

Rupa Bhattacharyya
Senior Trial Counsel
Federal Branch, Civil Division
United States Department of Justice
20 Massachusetts Avenue, N.W.
Washington, D.C.   20044

*Julie P. Shelton*
Julie P. Shelton
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street
Suite 1800
Chicago, Illinois   60602
312-444-9660

W0058800v2