IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS WILNER, et al.,               )
                                     )
        Plaintiffs,                  )
                                     )
            v.                       )        Civ. A. No. 07-CV-03883-DLC
                                     )
NATIONAL SECURITY AGENCY and         )
U.S. DEPARTMENT OF JUSTICE,          )
                                     )
        Defendants.                  )
                                     )

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section

("RIDS"), Records Management Division ("RMD"), at the Federal Bureau of Investigation

Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002.

Prior to joining the FBI, from May 1, 2001 to July 21, 2002, I was the Assistant Judge Advocate

General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of

Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From

October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and

routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law

in the state of Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 199

employees who staff a total of ten (10) units and a field operational service center unit whose

collective mission is to effectively plan, develop, direct, and manage responses to requests for

access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. My responsibilities also include the review of FBI information for classification purposes as mandated by Executive Order 12958, as amended,[1] and the preparation of affidavits/declarations in support of Exemption 1 claims asserted under the FOIA.[2] I have been designated by the Attorney General of the United States as an original classification authority and a declassification authority pursuant to Executive Order 12958, as amended, §§ 1.3 and 3.1. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)    Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded the requests for records made to FBIHQ by William Goodman, Esq., Legal Director of the Center for Constitutional Rights ("CCR"), on behalf of the plaintiffs in this case. These requests sought, among other things, access to "all records obtained through or relating to ongoing or completed warrantless electronic surveillance or physical searches of persons located within the United States, including logs and indexes, regarding or concerning any Requesting Party and/or records of warrantless electronic surveillance or physical searches of persons located within the United States that reference, list,

_____

[1]  60 Fed. Reg. 19825 (1995) and 69 Fed. Reg. 15315 (2003).

[2]  5 U.S.C. § 552 (b)(1).

or name any Requesting Party" from September 11, 2001 to the date of these FOIPA requests."
(See Exhibit A, Plaintiffs' FOIA/Privacy Act request letter dated January 18, 2006.)

     (4)    Specifically, these requests seek access to any FBIHQ records concerning the
National Security Agency's ("NSA") Terrorist Surveillance Program ("TSP"), a controlled access
signals intelligence program authorized by the President in response to the terrorist attacks of
September 11, 2001, which pertain to plaintiffs, who have asserted that "upon information and
belief, their electronic and/or telephonic communications have been monitored by defendant
agencies and that records of those communications have been compiled and retained by the
defendant agencies because of their representation of detainees and their international
communications with clients, released detainees, family members of detainees, and/or
organizations, businesses and individuals affiliated with detainees outside of the United States."
(See Plaintiffs Second Amended Complaint for Declaratory and Injunctive Relief dated
November 2, 2007, Paragraph 7.)

     (5)    The purpose of this declaration is to provide information concerning the no longer
operative but still highly-classified TSP; and to provide the Court and plaintiffs with the
administrative and litigation history of plaintiffs' requests as they relate to the TSP. Although
the President publicly acknowledged the existence of the TSP on December 17, 2005, highly
sensitive information about the TSP remains classified and cannot be disclosed without causing
exceptionally grave damage to the national security of the United States. In particular, I provide
further explanation for neither confirming nor denying the existence of any TSP-related FBI
records pertaining to any individuals, including plaintiffs, in support of Defendants' Partial
Motion for Summary Judgment. In further support of the FBI's response to plaintiffs' FOIA

requests, I have personally reviewed the Declaration of J. Michael McConnell, Director of

National Intelligence ("McConnell Declaration"), which I am advised is being filed

contemporaneously with this declaration. The McConnell Declaration is provided in support of

withholdings in all TSP-related FOIA matters, and I have therefore relied on Admiral

McConnell's expert assessment of the harms to the national intelligence program that would

result from disclosure of information related to the TSP and confirmation or denial of the

existence of TSP records concerning any individuals and his invocation of his statutory authority

to protect sources and methods.

### THE TERRORIST SURVEILLANCE PROGRAM ("TSP")

(6)    Following the September 11, 2001 terrorist attacks on the United States, the

President authorized the TSP in order to detect and prevent future terrorist attacks by al Qaeda

and other affiliated terrorist organizations. Under the TSP, the NSA intercepts communications

as to which it has reasonable grounds to believe that: (1) one of the communicants is a member

or agent of al Qaeda or an affiliated terrorist organization; and (2) the communication being

collected is to or from a foreign country (i.e., a "one-end" foreign communication).

(7)    Due to its extraordinary sensitivity, information related to the TSP is currently

classified as TOP SECRET under the standards set forth in E.O. 12958, as amended. In

particular, and as will be described in further detail infra, information related to the TSP concerns

"intelligence activities (including special activities), intelligence sources or methods, or

cryptology," E.O. 12958, as amended,  § 1.4(c); "scientific, technological, or economic matters

related to the national security, which includes defense against transnational terrorism," id.,

§ 1.4(e); and "vulnerabilities or capabilities of systems, installations, infrastructures, projects,

-4-

plans, or protection services relating to the national security, which include defense against international terrorism," id., § 1.4(g), the disclosure of which reasonably could be expected to cause exceptionally grave damage to the national security of the United States. Id., § 1.2(a)(1). Moreover, information relating to the TSP is also designated as Sensitive Compartmented Information ("SCI") and is subject to special access and handling requirements necessary to maintain its strict confidentiality and prevent its unauthorized disclosure.

(8)     The President publicly acknowledged the existence of the TSP on December 17, 2005 during a radio address.[3]  As the President has stated, however, details about the TSP remain highly classified and subject to special access restrictions under the criteria set forth in E.O. 12958, as amended.  Unauthorized disclosure of information regarding the TSP can be expected to cause exceptionally grave damage to the national security of the United States.  Thus, pursuant to the criteria outlined in E.O. 12958, as amended, information related to the TSP is classified and, depending on the information, is usually subject to the special access and handling requirements reserved for "Sensitive Compartmented Information" ("SCI"), because it involves or derives from particularly sensitive intelligence sources and methods.

(9)     Following the President's public acknowledgment of the TSP in December, 2005, the Director of the FBI, during a February 2, 2006 hearing of the Senate Select Committee on Intelligence, publicly acknowledged the FBI's involvement in the TSP.  Specifically, FBI

---

[3]     On January 17, 2007, the Attorney General announced that any electronic surveillance that was occurring under the TSP would now be conducted subject to the approval of the Foreign Intelligence Surveillance Court.  The President has not renewed his authorization of the TSP. Congress subsequently clarified and amended the Foreign Intelligence Surveillance Act through the Protect America Act, which itself lapsed on February 16, 2008, but I am advised that the certifications made under that Act remain in force for one year following their execution.

Director Robert Mueller stated that the FBI "get[s] a number of leads from the NSA from a number of programs, including the program that's under discussion today . . . . And I can say that leads from that program have been valuable in identifying would-be terrorists in the United States, individuals who were providing material support to terrorists." Transcript at 51.

## ADMINISTRATIVE OF PLAINTIFFS' FOIA REQUESTS

(10)    By letter dated January 18, 2006, addressed to FBIHQ, William Goodman, Esq., Legal Director of the Center for Constitutional Rights ("CCR"), made a number of requests on behalf of plaintiffs Thomas Wilner, Jonathan Hafetz, Gitanjali Guiterrez, Michael J. Sternhell, Jonathan Wells Dixon, Joshua Colangelo-Bryan, Tina M. Foster, Brian J. Neff, Alison Sclater, Marc D. Falkoff, Joseph Margulies, Scott S. Barker, Anne J. Castle, James E. Dorsey, Asmah Tareen, Richard A. Grigg, Thomas R. Johnson, George Brett Mickum IV, Stephen M. Truitt, David H. Remes, H. Candace Gorman, Charles Carpenter, John A. Chandler, and Clive Stafford Smith, who are lawyers who provide or have provided legal representation to individuals detained at Guantanamo Bay Naval Station, Cuba ("detainees").[4] These requests made to FBIHQ by Mr. Goodman on behalf of plaintiffs sought access to "all records obtained through or relating to ongoing or completed warrantless electronic surveillance or physical searches of persons located within the United States, including logs and indexes, regarding or concerning any Requesting Party and/or records of warrantless electronic surveillance or physical searches of persons located within the United States that reference, list, or name any Requesting Party" from

---

[4] In this request letter, CCR also made requests for FBIHQ records concerning the TSP on behalf of several other individuals who also are lawyers who have provided legal representation to detainees. However, since these other individuals are not plaintiffs in this litigation, no further reference will be made to them and this declaration will only pertain to the requests of the 24 listed plaintiffs.

September 11, 2001 to the date of these FOIPA requests."[5] In this letter, plaintiffs also requested that these requests be given expedited processing and a waiver of all fees in connection with these requests. **(See Exhibit A.)**

(11)    By 16 separate letters, all dated February 14, 2006, and by one letter dated February 16, 2006, addressed to William Goodman, Esq., Legal Director of the CCR, FBIHQ acknowledged receipt of his requests on behalf of 17 of the plaintiffs.[6]

(12)    By letter dated April 6, 2006, addressed to William Goodman, Esq., Legal Director of the CCR, FBIHQ advised that with regard to the portion of his request which seeks access to FBIHQ records concerning the individual requesting parties within the context of TSP-related records, the FBI can neither confirm nor deny the existence of any records related to any particular individual under the TSP due to the highly classified nature of this program which is crucial to the national security of the United States. CCR was also advised that the fact of the

---

[5] In this request letter, CCR also made a FOIA request for other categories of FBIHQ records concerning the TSP, including records concerning policies, procedures, guidelines and practices related to the TSP, which are not specifically related to any TSP record concerning the 24 plaintiffs. CCR's FOIA request for these other categories of FBIHQ records concerning the TSP will be addressed in a separate declaration.

[6] They were assigned them the following request numbers: Thomas Wilner (FOIPA Request Number 1038282-000), Jonathan Hafetz (FOIPA Request Number 1038317-000), Gitanjali Guiterrez (FOIPA Request Number 1036614-000), Michael J. Sternhell (FOIPA Request Number 1038354-000), Joshua Colangelo-Bryan (FOIPA Request Number 1038380-000), Brian J. Neff (FOIPA Request Number 1038273-000), Marc D. Falkoff (FOIPA Request Number 1038336-000), Joseph Margulies (FOIPA Request Number 1038343-000), Scott S. Barker (FOIPA Request Number 1038318-000), Anne J. Castle (FOIPA Request Number 1038319-000), James E. Dorsey (FOIPA Request Number 1038373-000), Asmah Tareen (FOIPA Request Number 1038375-000), Thomas R. Johnson (FOIPA Request Number 1038606-000), George Brett Mickum IV (FOIPA Request Number 1038356-000), Stephen M. Truitt (FOIPA Request Number 1038344-000), H. Candace Gorman (FOIPA Request Number 1038391-000), and John A. Chandler (FOIPA Request Number 1038394-000). **(See Exhibit B.)**

existence or non-existence of responsive TSP-related records concerning any individual is a currently and properly classified matter in accordance with E.O. 12958, as amended, and thus is denied pursuant to Exemption 1 of the FOIA, 5 U.S.C. § 552 (b)(1). Finally, CCR was advised of the procedure for appealing any denials in this response to the DOJ, Office of Information and Privacy ("OIP"). **(See Exhibit C.)**

(13)    By letter dated June 5, 2006, addressed to OIP, William Goodman, Esq., Legal Director of the CCR, appealed the denials by the FBI in response to his requests for TSP-related records concerning the individual requesting parties. Specifically, CCR asserted that the FBI improperly relied on FOIA Exemption 1 to neither confirm or deny the existence or non-existence of responsive records concerning these individuals. In addition, CCR appealed the failure of the FBI to respond in a timely manner concerning its request for expedited processing of its FOIA request for other categories of FBIHQ records pertaining to the TSP. **(See Exhibit D.)**

(14)    By letter dated June 20, 2006, addressed to William Goodman, Esq., Legal Director of the CCR, OIP advised that after careful consideration of his appeal, it was affirming the FBI's action in response to his requests for TSP-related records concerning the individual requesting parties. OIP further advised that the FBI properly refused to confirm or deny the existence or non-existence of responsive records concerning these individuals pursuant to Exemption 1 of the FOIA, 5 U.S.C. § 552 (b)(1). OIP advised that CCR could seek judicial review of its action on its appeal in accordance with 5 U.S.C. § 552(a)(4)(B). **(See Exhibit E.)**

## JUSTIFICATION FOR NEITHER CONFIRMING NOR DENYING THE EXISTENCE OF TSP-RELATED FBI RECORDS WHICH PERTAIN TO ANY INDIVIDUAL, INCLUDING PLAINTIFFS

(15)    As previously stated in ¶¶ 3 and 6, supra, the TSP is a highly classified and controlled access signals intelligence program authorized by the President in response to the terrorist attacks of September 11, 2001, in which the NSA is authorized to intercept communications to or from foreign countries in which at least one of the communicants is reasonably believed to be a member or agent of al Qaeda or an affiliated terrorist organization.

(16)    As previously stated in ¶ 9, supra, the FBI receives investigative leads concerning some TSP targets and/or intercepts from the NSA. These investigative leads are then analyzed and assigned for further investigation by the FBI within the context of criminal, intelligence and/or counterterrorism investigations concerning both known and suspected terrorists and terrorist organizations and/or their associates who may be providing material support to terrorists and terrorist organizations. The FBI's participation in the TSP and the investigative leads generated by the TSP have proven to be invaluable investigative tools in FBI criminal, intelligence and/or counterterrorism investigations and has resulted in the identification of several terrorists and/or terrorist organizations operating within the United States as well as persons and/or organizations within the United States that were providing material support to such terrorists and terrorist organizations.

(17)    Due to  the highly classified nature of the TSP, NSA and any participating Government agency, including the FBI, can neither confirm or deny the existence of TSP-related records pertaining to any individuals, including plaintiffs. Neither the NSA or the FBI can publicly confirm in any particular case whether or not any communications relating to any

-9-

individuals were or were not collected by the TSP. Public confirmation that the telephonic

communications of any particular individual were or were not intercepted and collected by the

NSA under the TSP or the fact that the NSA was unsuccessful in collecting such telephonic

communications on a case-by-case basis would allow known and suspected terrorists and

terrorist organizations to accumulate this information and draw conclusions about the technical

capabilities, sources and methods of the NSA and the FBI under the TSP. The adversaries of the

United States in the War on Terror would then have a road map to instruct them on which

communication modes, individuals and organizations remain safe and are successfully defeating

these technical capabilities, sources and methods.

(18)    As a theoretical example, suppose that the NSA and/or the FBI has received

separate FOIPA requests from six individuals for any TSP-related records concerning

themselves. If the NSA and the FBI were to publicly confirm in response to the first three

FOIPA requests that no TSP-related information about Mr. A, Mr. B and Ms. C exists in the

records systems of these agencies and/or that these individuals have never been the targets of any

intercepted telephonic communications under the TSP, but in response to the remaining three

FOIPA requests that these agencies can neither confirm or deny the existence of any TSP-related

information concerning Ms. X, Ms. Y and Mr. Z, it would thus be logical for these last three

individuals to infer that such TSP-related information about them really does exist and that they

are, in fact, targets of intercepted telephonic communications under the TSP. Over the course of

time, the accumulation of such responses and the logical inferences that can be drawn from them

would lead to the inferential disclosure of the targets, capabilities, sources and methods of the

NSA and the FBI under the TSP and inform the terrorist adversaries of the United States of the

degree to which the NSA and the FBI is aware of its operatives and activities and the degree to which the NSA and the FBI can successfully exploit intercept telephonic communications under the TSP in the War on Terror.

(19)   Given the above, the only reasonable response by Government agencies to requests for TSP-related information concerning any individuals, including plaintiffs, is to consistently refuse to neither confirm or deny the existence of any such TSP-related records concerning any individuals in every instance, regardless of whether or not such TSP records exist. The consistent application of this response of non-confirmation and non-denial results in the inability of any individuals to draw logical inferences as to whether or not they are a target of intercepted telephonic communications under the TSP, thus preserving and protecting the integrity and effectiveness of the TSP.

(20)   The FBI cannot respond to each individual request for records concerning the TSP in isolation, but must acknowledge that the terrorist adversaries of the United States will examine any released information and any inconsistent response to a FOIA request. The compilation of TSP-related information concerning any individuals, if publicly disclosed, could reasonably be expected to cause exceptionally grave damage to the national security of the United States. Therefore, the fact of the existence or non-existence of TSP-related information concerning any individuals, including plaintiffs, is a currently and properly classified matter in accordance with E.O. 12958, as amended, and is properly denied pursuant to FOIA Exemption 1, 5 U.S.C. § 552 (b)(1).

(21)   I understand that both NSA and the DNI have invoked independent statutory provisions to protect from disclosure any information concerning the organization and functions

-11-

of the NSA and intelligence sources and methods, respectively, pursuant to Exemption 3, 5 U.S.C. § 552(b)(3). As a member of the United States intelligence community, the FBI is entitled to protect such information. Information the disclosure of which would confirm or deny whether a particular plaintiff were targeted by – or subject to – TSP surveillance would reveal both the functions and capabilities of the NSA, but would also reveal the intelligence communities' sources and methods. In particular, such disclosure would reveal to our adversaries that a particular individual may or may not be available to securely communicate information, or more broadly, the methods used to conduct surveillance of targets. In turn, confirmation of a target's identity would interrupt the flow of intelligence as the target would then take steps to evade detection and/or manipulate that intelligence information. Such disclosure would impede both the effectiveness of the FBI's operational and law enforcement procedures as well as the intelligence-gathering procedures of the FBI's fellow intelligence agencies with which the FBI works in cooperation in the course of its counterterrorism activities.

## CONCLUSION

(22)    The FBI has appropriately refused to neither confirm nor deny the existence or non-existence of any TSP-related records concerning plaintiffs, which is a response that is consistently applied to all requests from individuals for TSP-related records concerning themselves. The consistent application of this response of non-confirmation and non-denial in all such requests results in the inability of any individuals to draw any logical inferences as to whether or not they are a target of intercepted telephonic communications under the TSP and thus preserves and protects the integrity and effectiveness of the TSP. Additionally, the FBI has properly applied FOIA Exemption 1, 5 U.S.C. § 552 (b)(1), to refuse to confirm or deny the

existence or non-existence of any such TSP-related records concerning plaintiffs inasmuch as the public disclosure could reasonably be expected to cause exceptionally grave damage to the national security of the United States. Therefore, the fact of the existence or non-existence of TSP-related information concerning any individuals, including plaintiffs, is a currently and properly classified matter in accordance with E.O. 12958, as amended, and is properly denied pursuant to FOIA Exemption 1, 5 U.S.C. § 552 (b)(1). The fact of the existence or non-existence of TSP-related information concerning particular individuals, including plaintiffs, is also protected from disclosure by virtue of the statutory protections invoked by the DNI and NSA, access has been denied pursuant to FOIA Exemption 3, 5 U.S.C. § 552 (b)(3).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A through E attached hereto are true and correct copies.

Executed this 18th day of March, 2008.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Federal Bureau of Investigation
Washington, D.C.

-13-

# Exhibit A

January 18, 2006

**VIA OVERNIGHT DELIVERY**

Federal Bureau of Investigation
Record Information/Dissemination Section
Service Request Unit, Room 6359
935 Pennsylvania Avenue, NW
Washington, DC 20535
(fax) 202-324-3725

### Re: Freedom of Information Act Request (Expedited Processing Requested)

Dear FOIA/PA Officer:

This letter constitutes a Request for records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, and corresponding regulations. This Request is submitted on behalf of the Center for Constitutional Rights, its staff and Board attorneys, and the volunteer, cooperating, and co-counsel attorneys and their staff (collectively, "Requesting Parties" or "Requesters") listed in Appendix A attached hereto. A similar request has been submitted to the following agencies, departments and units of the United States government: the National Security Agency, the Defense Intelligence Agency, the Central Intelligence Agency, the United States Army, the United States Navy, the Department of Homeland Security, and the Department of Justice.

### 1.    Requesting Parties

The Center for Constitutional Rights ("CCR") is a non-profit, public interest organization that engages in litigation, public advocacy and educational programs on behalf of those who seek to challenge governmental misconduct, racial injustice, social and economic injustice and violations of international human rights law in U.S. courts, the courts of other countries and other international bodies and courts. For the past four years, lawyers and advocates at CCR have represented citizens and noncitizens identified as alleged terrorists and/or suspected of having affiliations with terrorists. These persons have been detained in places as diverse as the Metropolitan Detention Center in Brooklyn, New York; the Passaic County Jail in Patterson New Jersey; the detention center at the U.S. Naval Station in Guantánamo Bay, Cuba; the Far Falestin Branch Detention Facility of Syrian Military Intelligence in Damascus, Syria; the Sednaya Prison in Sednaya, Syria; Abu Ghraib Prison in Baghdad, Iraq; and other U.S. facilities, where they were subject to physical and psychological abuse or torture, or unlawful rendition.

This Request is made on behalf of the following CCR staff members, staff attorneys, volunteer attorneys, consultants, and Board Members who have or may have communicated with clients, families of clients, attorneys and human rights activists in foreign countries: William Goodman (a.k.a., Bill Goodman), Barbara Olshansky, Gitanjali Gutierrez (a.k.a., Gita Gutierrez), Tina Monshipour Foster (Tina Foster), Seema Ahmad, Maria LaHood, Jennifer Green (a.k.a., Jennie Green), Shayana Kadidal (a.k.a., Shane Kadidal), Rachel Meeropol, Steven MacPherson Watt,

Matthew Strugar (a.k.a., Matt Strugar) Marc Krupanski, Kelly McAnnany, Claire Tixeire, Michael Ratner, Jules Lobel, David Cole, Rhonda Copelon, Peter Weiss, Abdeen Jabara, Marilyn Clement, Charles Hay-Maestre (a.k.a., Charlie Hay-Maestre or Charley Hay-Maestre), and Jeff Hogue.

This Request is also made on behalf of 108 *pro bono* volunteer, cooperating and co-counsel attorneys and their staff throughout the United States who have worked with CCR on a variety of cases, primarily involving petitions for writs of *habeas corpus* filed on behalf of persons detained at the U.S. Naval Station in Guantánamo Bay, Cuba. These *pro bono* attorneys and their staff are listed in Appendix A.

## 2.    Definitions

For the purpose of this Request, the following definitions shall apply:

A.    "Electronic surveillance" - refers to

(a)    the acquisition by an electronic, mechanical, or other surveillance device of the contents of any wire, radio or other communication in any form or format of persons located within the United States obtained without benefit of warrant, including but not limited to any and all wiretaps, recordings, surveillance and/or interceptions of telephonic conversations and/or transactions (including cellular and satellite phone conversations and/or transactions), interception of e-mail conversations, or other written communications from public or non-public web sites or computer networks;

(b)    the acquisition by an electronic, mechanical, or other surveillance device of non-content records obtained without benefit of warrant, from persons located within the United States that identify the existence of any communications, including but not limited to pen registers; and

(c)    the warrantless installation or use of an electronic, mechanical or other surveillance device for monitoring to acquire information, other than from a wire or radio communication;[1]

B.    "Records" - refers to all "records" as defined by the FOIA, 5 U.S.C. § 522(f)(2), including but not limited to existing memoranda, agreements, notes, orders, policies, procedures, protocols, written or email correspondence, faxes, files, reports, rules, technical manuals, technical specifications, training manuals, studies, analyses, audio or video recordings,

---

[1] This request does not include surveillance authorized pursuant to Sections 1802 or 1822(a) of the Foreign Intelligence Surveillance Act.  50 U.S.C. §§ 1802 or 1822(a).

transcripts of such recordings, data, papers, guidance, guidelines, evaluations, instructions, photographs, films, recordings, books, accounts, communications and all retrievable information in computer storage, regardless of form of the record as a digital, audio, written, video, or other record;

C. "Electronic surveillance" "of persons located within the United States" - refers to records obtained through electronic surveillance of any communications by or to an individual, individuals, group or groups within the United States, regardless of whether the communication originated inside or outside the United States.

### 3. Records Sought

CCR and the other Requesting Parties seek disclosure of records in the possession of any office of the Federal Bureau of Investitgation ("FBI") and any agency, organization or corporation holding records at the behest of the National Security Agency ("NSA") concerning any warrantless electronic surveillance or warrantless physical searches of any person located within the United States from September 11, 2001 to the date of this FOIA Request that references a Requesting Party. In addition, CCR and other Requesters seek the disclosure of records concerning the development, approval, and implementation of the Executive's warrantless electronic surveillance and/or warrantless physical search program within the United States.

In order to ascertain the extent of the Executive's policies and practices concerning warrantless electronic surveillance and/or warrantless physical searches of persons located within the United States, Requesting Parties seek the following records:

1. All records obtained through or relating to ongoing or completed warrantless electronic surveillance or physical searches of persons located within the United States, including logs and indexes, regarding or concerning any Requesting Party and/or records of warrantless electronic surveillance or physical searches of persons located within the United States that reference, list, or name any Requesting Party;

2. Any Executive Orders authorizing the warrantless electronic surveillance or physical searches of persons located within the United States referenced in paragraph (1) above;

3. All records establishing, discussing or referencing the policies, procedures, guidelines, or practices of the FBI or NSA used to (a) identify the individuals or organizations subject to warrantless electronic surveillance or warrantless physical searches within the United States; (b) gather information through warrantless electronic surveillance or warrantless physical searches within the United States; (c) share this information with other U.S. government agencies and with foreign

governments or the agencies or agents thereof; (d) share this information as a basis for a warrant request by the U.S. Department of Justice to the Foreign Intelligence Surveillance Act Court; (e) destroy this information; and/or (f) consult with or secure approval from the U.S. Department of Justice or other departments, agencies or Executive officials prior to conducting warrantless electronic surveillance or warrantless physical searches of persons located within the United States;

4.  Any records stating, discussing, or referencing the legality or propriety of warrantless electronic surveillance or warrantless physical searches of persons located within the United States, including but not limited to policy statements, memoranda, analyses, explanations, or authorizations;

5.  Any Department of Justice evaluation, assessment, or audit of any NSA program implementing warrantless electronic surveillance or warrantless physical searches of persons located within the United States;

6.  Any internal FBI evaluation, assessment, or audit of any FBI or NSA program implementing warrantless electronic surveillance or warrantless physical searches of persons located within the United States;

7.  Any records containing concerns or comments by judges, national security officials, intelligence officials, government lawyers, or other about the FBI or NSA warrantless electronic surveillance program; and

8.  All records reflecting budget allocations for all warrantless electronic surveillance or warrantless physical search programs of persons located within the United States.


**4.      Requesters Are Entitled to Expedited Processing**

Expedited processing is warranted when an organization "primarily engage[s] in disseminating information in order to inform the public about an actual or alleged Federal Government activity" has an "urgent need" to secure the records. 32 C.R.F. § 286.4(d)(3)(ii). The Center for Constitutional Rights is an organization "primarily engaged in disseminating information" about government misconduct through the work of its staff, Board, volunteer, cooperating, and co-counsel attorneys. As described above, CCR engages in litigation, public advocacy and educational programming to defend constitutional and human rights law. Dissemination of information to the public is a crucial component of CCR's mission and work. Specifically, CCR publishes reports and newsletters, maintains a public website, issues press releases, and offers educational materials and programming to the pubic within the United States and internationally. Additionally, CCR's staff, board, and volunteer, co-counsel, and cooperating attorneys further disseminate CCR's information to their local and national communities through a variety of means, including their own press releases, interviews, reports, and educational programming.

The records in question involved the NSA and/or FBI's actual and alleged warrantless electronic surveillance within the United States, in apparent violation of the rights guaranteed by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution. FOIA requests bearing upon alleged Constitutional violations require an immediate response in order to cease any ongoing violations and to prevent future ones.

A requester may also demonstrate compelling need by a showing that the information sought is "urgently needed" and involves a "breaking new story of general public interest." 32 C.R.F. § 286.4(d)(3)(iii). The instant Request clearly meets these standards in light of the current public scrutiny and impending legislative hearings in response to the disclosure of the Executive's policies and practices involving warrantless electronic surveillance of persons within the United States. *See, e.g.,* Jennifer Loven, *Report of NS Spying Prompts Call for Probe*, San Fran. Chron., Dec. 16, 2005 (stating that Senator Arlen Specter, chairman of the Senate Judiciary Committee, promised that the Senate would conduct hearings to investigate the NSA's warrantless electronic surveillance practices); *see also* Christine Hauser, *Bush Declines to Discuss Report on Eavesdropping*, N.Y. Times, Dec. 16, 2005; Maura Reynolds & Greg Miller, *Congress Wants Answers About Spying on U.S. Citizens*, Pitts. Post-Gazette, Dec. 16, 2005; James Risen & Eric Lichtblau, *Bush Lets US. Spy on Callers Without Courts*, N.Y. Times, Dec. 16, 2005; Steven Thomma, *Spying Could Create Backlash on Congress; Public Reaction Hinges on Identity of Targets*, San Jose Mercury News, Dec. 16, 2005; ren Bohan & Thomas Ferraro, *Bush Defends Eavesdropping and Patriot Act*, ABC News, Dec. 17, 2005; Dan Eggen & Charles Lane, *On Hill, Anger and Calls for Hearing Greet News of Stateside Surveillance*, Wash. Post, Dec. 17, 2005; Jennifer Loven, *Bush Defends Secret Spying in U.S.*, San Fran. Chron., Dec. 17, 2005; John Diamond, *NSA's Surveillance of Citizens Echoes 1970s Controversy*, USA Today, Dec. 18, 2005; Barton Gellman & Dafna Linzer, *Pushing the Limits of Wartime Powers*, Wash. Post, Dec. 18, 2005; James Kuhnhenn, *Bush Defends Spying in U.S.*, San Jose Mercury News, Dec. 18, 2005; Fred Barbash & Peter Baker, *Gonzales Defends Eavesdropping Program*, Wash. Post, Dec. 19, 2005; James Gerstenzang, *Bush Vows to Continue Domestic Surveillance*, L.A. Times, Dec. 19, 2005; Todd J. Gillman, *Bush Assails Disclosure of Domestic Spying Program*, San Jose Mercury News, Dec. 19, 2005; Terrence Hunt, *Bush Says NSA Surveillance Necessary, Legal*, Wash. Post, Dec. 19, 2005; David Stout, *Bush Says U.S. Spy Program is Legal and Essential*, N.Y. Times, Dec. 19, 2005; George E. Condon, *Bush Says Spying Is Needed to Guard US*, San Diego Union Trib., Dec. 20, 2005; Michael Kranish, *Bush Calls Leak of Spy Program Shameful*, Bost. Globe, Dec. 20, 2005; Jeff Zeleny, *No 'Unchecked Power' in Domestic Spy Furor*, Chi. Trib., Dec. 20, 2005; Douglas Birch, *NSA's Methods Spur Controversy*, Balt. Sun, Jan. 8, 2006;  Dan Eggen, *Probe Set in NSA Bugging*, Wash. Post, Jan. 11, 2006; David E. Sanger, *In Shift, Bush Says He Welcomes Inquiry on Secret Wiretaps*, N.Y. Times, Jan. 11, 2006; Scott Shane, *N.S.A. Audit of Spying is Not Assessing Legality*, N.Y. Times, Jan. 11, 2006; Jessica Yellin, *Ex-CIA Lawyer: No Legal Basis for NSA Spying*, ABC News, Jan. 11, 2006; James Gerstenzang, *Bush Now Cites Value of Spying Inquiry*, L.A. Times, Jan. 12, 2006; Sean Sullivan, *Markey Bashes Surveillance Program at Forum*, Arlington (MA) Advocate, Jan. 12, 2006.

Finally, pursuant to the applicable regulations and statue, CCR and the other Requesters expect the FBI's determination of this Request for expedited processing within 10 calendar days and the determination of this Request for documents within 20 days. *See* 32 C.F.R. § 286.4(d)(1), (3); 5

U.S.C. § 552(a)(6)(A)(i).

### 5.    Requesting Parties Are Entitled To A Fee Waiver

Requesting Parties are entitled to waiver of all costs pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) because "disclosure of the requested records is in the public interest" and "likely to contribute significantly to the public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." As indicated above, the significant media attention focused on the NSA's policy of warrantless electronic surveillance reflects the extraordinary public interest in the records Requesters seek. Disclosure of the requested information would reveal the extent of the NSA's warrantless electronic surveillance and/or warrantless physical searches of persons located within the United States, raising weighty constitutional questions.

Further, disclosure of the requested records will aid the public's understanding of the President's decision to disregard existing restraints on the exercise of Executive power, including the minimal oversight provided by the Foreign Intelligence Surveillance Act courts.

Finally, as a non-profit legal, advocacy, and educational organization, CCR and its staff, Board, and volunteer, co-counsel and cooperating attorneys are well-suited to disseminate publicly the information obtained from this Request. Because this Request satisfies the statutory criteria, a fee waiver would fulfill Congress's legislative intent in amending FOIA. *See Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be liberally construed in favor of wavers for noncommercial requesters." (internal quotation marks omitted)).

If the fee waiver is not granted, however, we request that the fees assigned be limited to "reasonable standard charges for document duplication" pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II) ("[F]ees shall be limited to reasonable standard charges for document duplication when records are not sought for commercial use and the request is made by . . . .a representative of the news media . . ." and 32 C.F.R. § 286.28(e) (stating that search and review fees shall not be charges to "representatives of the news media"). If appropriate after reviewing the results of the Request, CCR intends to "disseminate the information" disclosed by this Request "among the public" through the media channels described above. CCR meets the definition of a "representative of the news media" because it is "an entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn raw material into a distinct work, and distributes that work to an audience." *Nat'l Security Archive v. Dep't of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989); *see also Judicial Watch Inc., v. Rossotti*, 326 F.3d 1309, 1310 (D.C. 2003) (finding that a non-profit, public interest organization that distributed a newsletter and published books was a "representative of the media" for purposes of FOIA). Accordingly, any fees imposed for the processing of this Request should be limited pursuant to these regulations.

*            *            *            *

If this Request is denied in whole or in part, Requesters ask that the FBI justify all deletions

by reference to specific exemptions of FOIA. Requesters expect the FBI to release all segregable portions of otherwise exempt material, and reserve the right to appeal a decision to withhold any records or to deny the within application for expedited processing and waiver of fees.

Thank you for your consideration of this Request. Kindly direct all future responses and furnish all disclosed records to William Goodman, Legal Director, Center for Constitutional Rights, 666 Broadway, 7th floor, New York, N.Y. 10012, telephone (212) 614-6427.

Under penalty of perjury, I hereby affirm that the information provided supporting the Request and the attached Appendix are true and correct to the best of my knowledge and belief.

Signed by:

William Goodman, Esq.
Legal Director
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012
(212) 617-6427    ext 427

## Appendix A*

David C. Sleigh, Esq.
Sleigh &Williams, P.C.
364 Railroad Street
St. Johnsbury, VT 05819
(802) 748-5176

Joseph Margulies, Esq.
MacArthur Justice Center
University of Chicago Law School
1111 East 60th Street
Chicago, IL 60637
(773) 702-9560
(763) 245-8048

Stephen M. Truitt, Esq.
  (202) 220-1452
Charles Carpenter, Esq.
  (202) 220-1507
Pepper Hamilton LLP
Hamilton Square
600 Fourteenth Street, N.W.
Suite 500
Washington, D.C. 20005

Christopher J. Huber, Esq.
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
(215) 981-4446

Marjorie M. Smith, Esq.
Law Office of Marjorie M. Smith
P.O. Box 234
Piermont, NY 10968
(845) 365-6335

Richard (Dicky) A. Grigg, Esq.
Spivey & Grigg, LLP
48 East Avenue
Austin, TX 78701
(512) 474-6061

Richard J. Wilson, Professor of Law
Muneer I. Ahmad, Professor of Law
Sheku Sheikholeslami
American University Washington College
of Law
4801 Massachusetts Ave. NW,
Washington D.C. 20016
(202) 274-4147

William (Bill) A. Wertheimer, Jr., Esq.
30515 Timberbrook Lane
Bingham Farms, MI 48025
(248) 644-9200

Alan
Allan Sussman, Esq.
Sussman Law Office
Box 379
Bearsville, NY 12409
(845) 679-6927

Jonathan Wells Dixon, Esq.
Paul Schoeman, Esq.
Allison Sclater, Esq.
Michael J. Sternhell, Esq.
  (212) 715-7624
Kramer, Levin, Naftalis, & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

Eldon V.C. Greenberg, Esq.
Garvey Schubert Barer
1000 Potomac Street, N.W.
Washington, D.C. 20007
(202) 298-1789

Samuel C. Kauffman, Esq.
Garvey Schubert Barer
121 S.W. Morrison St.
Portland, OR 97204
(503) 228-3939

*Written authorizations from all individual requesters are attached.

George Brent Mickum, (III,) Esq.
(202) 434-4245
Douglas J. Behr
(202) 434-4213
Keller and Heckman LLP
1001 G Street, N.W.
Washington, D.C. 20001

John W. Lundquist, Esq.
(612) 492-7181
James E. Dorsey, Esq.
(612) 492-7079
Deborah A. Schneider, Esq.
(612) 492-7124
Asmah Tareen, Esq.
(612) 492-7134
Jessica D. Sherman, Esq.
(612) 492-7020
Fredrikson & Byron, P.A.
200 South Sixth Street
Suite 4000
Minneapolis, MN 55402-1425
(612) 492-7000

Richard L. Cys, Esq.
Davis, Wright, Tremaine LLP
1500 K Street NW
Suite 450
Washington, DC, 20005-1272
(202) 508-6618

Mark S. Sullivan, Esq.
(212) 415-9245
Christopher G. Karagheuzoff, Esq.
(212) 415-0793
Joshua Colangelo-Bryan, Esq.
(212) 415-9234
Dorsey & Whitney LLP
250 Park Avenue
New York, NY 10177
(212) 415-9200

William J. Murphy, Esq.
John J. Connolly, Esq.
Murphy & Shaffer LLC
Suite 1400
36 South Charles Street
Baltimore, MD 21201
(410) 783-7000

Clive Stafford Smith, Esq.
Justice in Exile
P.O. Box 52742
London, EC4P 4WS
44 (0)20 7353 4640

Arnold L. Natali, Jr., Esq.
(973) 622-2475
Jeremy L. Hirsh, Esq.
(973) 622-3165
McCarter & English LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444

Jason C. Welch, Esq.
McCarter & English LLP
City Place I
185 Asylum Street
Hartford, CT 06103
(860) 275-7048

Paula M. Jones, Esq.
McCarter & English LLP
Mellon Bank Center
1735 Market Street
Suite 700
Philadelphia, PA 19103
(215) 979-3844

Louis (Lou) Marjon, Esq.
67 West North Shore Avenue
North Fort Myers, FL 33903
(239) 652-3951

H. Candace Gorman, Esq.
Elizabeth Popolis, Esq.
Law Office of H. Candace Gorman
542 S. Dearborn
Suite 1060
Chicago, IL 60605
(312) 427-2313

W. Matthew Dodge, Esq.
Federal Defender Program, Inc.
100 Peachtree Street, NW
Suite 1700
Atlanta, GA 30303
(404) 688-7530

John A. Chandler, Esq.
    (404) 853-8029
Elizabeth V. Tanis, Esq.
    (404) 853-8382
Kristin B. Wilhelm, Esq.
    (404) 853-8542
Sutherland Asbill & Brennan LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309-3996
(404) 853-8000

Richard G. Murphy, Esq.
    (202) 383-0635
Gregory (Greg) Stuart Smith, Esq.
    (202) 383-0454
John P. Anderson, Esq.
Sutherland Asbill & Brennan LLP
Washington, D.C. 20004-2415
(202) 383-0100

Michael W. Drumke, Esq.
Ismail Alsheik, Esq.
David H. Anderson, Esq.
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606-6360
(312) 258-5500

Brian J. Neff, Esq.
Donald A. Klein, Esq.
Charles H. R. Peters, Esq.
Schiff Hardin LLP
623 Fifth Avenue
New York, NY 10022
(212) 753-5000

Agnieska M. Fryszman, Esq.
Reena Gambhir, Esq.
Matthew K. Handley, Esq.
Matthew Kaplan, Esq.
George Farah, Esq.
Jason M. Leviton, Esq.
Avi Garbow, Esq.
Cohen, Milstein, Hausfeld, & Toll
1100 New York Ave. NW
Suite 500
Washington, DC 20005
(202) 408-4600

Richard Coughlin, Esq.    not signed
Federal Public Defender for New Jersey

Paul M. Rashkind, Esq.
Office of the Federal Public Defender
Southern District of Florida
150 West Flagler Street
Suite 1500
Miami, FL 33130-1555
(305) 536-6900

Thomas Wilner, Esq.
Neil Koslowe, Esq.
Kristine Huskey, Esq.
Amanda Shafer, Esq.
Uzma Rasool
Shearman & Sterling LLP
801 Pennsylvania Ave., NW
Washington, DC 20004
(202) 508-8000

Julia Symon, Esq.
Clifford Chance US LLP
2001 K. Street N.W.
Washington, D.C. 20006
(202) 912-5092

Gary A. Isaac, Esq.
  (312) 701-7025
James C. Schroeder
  (312) 701-7964
David A. Grossman, Esq.
  (312) 701-8497
Lauren R. Noll, Esq.
  (312) 701-8253
Jeffrey (Jeff) M. Strauss, Esq.
  (312) 701-7324
Stephen (Steve) J. Kane, Esq.
  (312) 701-8857
Mayer, Brown, Rowe & Maw LLP
71 South Wacker Drive
Chicago, IL 60606

Adrian L. Steel, Jr., Esq.
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006
(202) 263-3237

Sergio F. Rodriguez, Esq.
  (312) 612-8353
Carol A. Brook, Esq.
  (312) 612-8339
William H. Theis, Esq.
  (312) 612-8335
Federal Defender Program for the
Northern District of Illinois
55 E. Monroe St.
Suite 2800
Chicago, IL 60603
. (312) 612-8353

Jonathan Hafetz, Esq.
Brennan Center for Justice
at NYU School of Law
161 Avenue of the Americas
12th Floor
New York, NY 10013
(212) 998-6289

Scott S. Barker, Esq.
Anne J. Castle, Esq.
Holland & Hart LLP
555 17th Street, S.E.
Suite 3200
Denver, CO 80202
(303) 295-8229

Carol Elder Bruce, Esq.
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004-1601
(202) 344-4717

Varda Hussain, Esq.  not signed
Venable LLP
8010 Towers Crescent Drive
Vienna, VA 22182
(703) 760-1600

Judith Brown Chomsky, Esq. — not signed
Michael Poulshock, Esq.  — not signed
Law Office of Judith Brown Chomsky
P.O. Box 29726
Elkins Park, PA 19027
(215) 782-8368

Michael Mone, Esq.
Michael Mone, Jr., Esq.
Esdaile, Barrett & Esdaile
75 Federal Street
Boston, MA 02110
(617) 482-0333

Mary Manning Petras, Esq.
Ketanji Brown Jackson, Esq.
A.J. Kramer, Esq.
Office of the Federal Public Defender for
the District of Columbia
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500

Marc D. Falkoff, Esq.
Robert H. Knowles, Esq.
Brent T. Starks, Esq.
Alissa R. King
Covington & Burling LLP
1330 Avenue of the Americas
New York, NY 10019
(212) 841-1166

David H. Remes, Esq.
Jason M. Knott, Esq.
Gregory M. Lipper, Esq.
Erich W. Struble
Covington & Burling LLP
1210 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Brian S. Fraser, Esq.
   (212) 530-1820
Marcellene E. Hearn, Esq.
   (212) 530-1948
Christopher W. Dysard, Esq.
   (212) 530-1908
Richards Spears Kibbe & Orbe LLP
One World Financial Center
New York, NY 10281

Paul A. Leder, Esq.
Richards Spears Kibbe & Orbe LLP
1775 Eye Street, N.W.
5th Floor, Room 510
Washington, D.C. 20006- 2401
(202) 261-2985

Maureen Rowley, Chief Federal Defender
Cristi Charpentier, Assistant Federal
   Defender
David McColgin, Assistant Federal
   Defender
Shawn Nolan, Assistant Federal Defender
Billy Nolas, Assistant Federal Defender
Mark Wilson, Assistant Federal Defender
Federal Community Defender Office
for the Eastern District of Pennsylvania
Suite 540 West
601 Walnut Street
Philadelphia, Pennsylvania 19106
(215) 928-1100

Paul R. Fortino, Esq.
Thomas R. Johnson, Esq.
Cody M. Weston, Esq.
Perkins Coie LLP
1120 N. W. Couch, 10th Fl.
Portland, OR 97209

Elizabeth Wilson, Esq.
Wilmer Cutler Pickering Hale and Dorr
LLP
1455 Pennsylvania Ave., N.W.
10th Floor
Washington, D.C. 20004
(202) 942-8466

George Daly
George Daly P.A.
139 Altondale Avenue
Charlotte, NC 28207
(704) 333-5196

Seema Ahmad
Shahzada Ahmad
Marilyn Clement
David Cole
Rhonda Copelon
Jeff Fogue
Tina M. Foster

William Goodman
Jennifer Green
Gitanjali Gutierrez
Charies Hay-Maestre
Abdeen Jabara
Shayana Kadidal
Marc James Krupanski
Maria LaHood
Jules Lobel
Rachel Meeropol
Kelly McAnnany
Barbara Olshansky
Michael Ratner
Matthew Strugar
Claire Tixieire
Steven Watt
Peter Weiss
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012
(212) 614-6464

Walter A. Lesnevich
Lesnevich & Marzano-Lesnevich
Court Plaza South
21 Main Street
Hackensack, NJ 07601
(201) 488-1161

Emmet J. Bondurant
Ronan P. Doherty
Bondurant, Mixson & Elmore, LLP
3900 One Atlantic Center
1201 W. Peachtree Street
Atlanta, GA 30309

Michael Rapkin
Law Offices of Michael Rapkin
1299 Ocean Ave., #900
Santa Monica, CA 90401
(310) 656-7880

I, Michael W. Drumke, am an attorney with Schiff Hardin LLP. I hereby authorize the Center for Constitutional Rights ("CCR") and its lawyers to make a request on my behalf pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. ' 552, *et seq.*, and corresponding regulations for records related to electronic surveillance of my communications, as described in the attached Freedom of Information Act Request.

This request shall be made to the following agencies, departments and units of the United States government: the National Security Agency, the Federal Bureau of Investigation, the Defense Intelligence Agency, the Central Intelligence Agency, the United States Army, the United States Navy, the Department of Homeland Security, and the Department of Justice.

Dated: January 17, 2006

Michael W. Drumke

Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606-6360
(312) 258-5744
Fax (312) 258-5600

I, Thomas Wilner, am an attorney with Shearman & Sterling LLP. I hereby authorize the Center for Constitutional Rights ("CCR") and its lawyers to make a request on my behalf pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, and corresponding regulations for records related to electronic surveillance of my communications, as described in the attached Freedom of Information Act Request.

This request shall be made to the following agencies, departments and units of the United States government: the National Security Agency, the Federal Bureau of Investigation, the Defense Intelligence Agency, the Central Intelligence Agency, the United States Army, the United States Navy, the Department of Homeland Security, and the Department of Justice.

January 17, 2006
Date

Thomas Wilner

Shearman & Sterling LLP
801 Pennsylvania Avenue, N.W.
Washington, DC  20004
(202) 508-8000
(202) 508-8100
twilner@shearman.com

I, _Jonathan Hafetz_, am an attorney with _the Brennan Center for Justice at NYU School of Law_. I hereby authorize the Center for Constitutional Rights ("CCR") and its lawyers to make a request on my behalf pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, and corresponding regulations for records related to electronic surveillance of my communications, as described in the attached Freedom of Information Act Request.

This request shall be made to the following agencies, departments and units of the United States government: the National Security Agency, the Federal Bureau of Investigation, the Defense Intelligence Agency, the Central Intelligence Agency, the United States Army, the United States Navy, the Department of Homeland Security, and the Department of Justice.

_1/17/06_
Date

_[signature]_
[name]

[please add preferred contact
information, including phone number]

Brennan Center for Justice
at NYU School of Law
161 Avenue of the Americas
12th Floor
New York, NY 10013
212-998-6289 (tel)
212-995-4550 (fax)
Jonathan.Hafetz@
nyu.edu

I, _Gitanjali Gutierrez_ am an attorney with _Center for Constitutional_. I hereby authorize the Center for Constitutional Rights ("CCR") and its lawyers to make a request on my behalf pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, and corresponding regulations for records related to electronic surveillance of my communications, as described in the attached Freedom of Information Act Request.

This request shall be made to the following agencies, departments and units of the United States government: the National Security Agency, the Federal Bureau of Investigation, the Defense Intelligence Agency, the Central Intelligence Agency, the United States Army, the United States Navy, the Department of Homeland Security, and the Department of Justice.

_1/11/06_
Date

Signature

I, Michael J. Sternhell, am an attorney with Kramer Levin Naftalis & Frankel LLP. I hereby authorize the Center for Constitutional Rights ("CCR") and its lawyers to make a request on my behalf pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, and corresponding regulations for records related to electronic surveillance of my communications, as described in the attached Freedom of Information Act Request.

This request shall be made to the following agencies, departments and units of the United States government: the National Security Agency, the Federal Bureau of Investigation, the Defense Intelligence Agency, the Central Intelligence Agency, the United States Army, the United States Navy, the Department of Homeland Security, and the Department of Justice.


_____
Date

_____
Michael J. Sternhell
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Tel: (212) 715-7624
Fax: (212) 715-8162

I, <u>Joshua Colangelo-Bryan</u>, am an attorney with <u>Dorsey & Whitney LLP</u>
_____. I hereby authorize the Center for Constitutional Rights ("CCR") and its lawyers to make a request on my behalf pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. ' 552, *et seq.*, and corresponding regulations for records related to electronic surveillance of my communications, as described in the attached Freedom of Information Act Request.

This request shall be made to the following agencies, departments and units of the United States government: the National Security Agency, the Federal Bureau of Investigation, the Defense Intelligence Agency, the Central Intelligence Agency, the United States Army, the United States Navy, the Department of Homeland Security, and the Department of Justice.

<u>January 17, 2006</u>
Date

[name]    Joshua Colangelo-Bryan

[please add preferred contact
information, including phone number]
Dorsey & Whitney LLP
250 Park Avenue
New York, New York 10177
(212) 415-9234

I, _Brian Neff_____, am an attorney with _Schiff Hardin LLP_
_____. I hereby authorize the Center for Constitutional Rights ("CCR") and its
lawyers to make a request on my behalf pursuant to the Freedom of Information Act ("FOIA"), 5
U.S.C. ' 552, *et seq*., and corresponding regulations for records related to electronic surveillance of
my communications, as described in the attached Freedom of Information Act Request.

This request shall be made to the following agencies, departments and units of the United States
government: the National Security Agency, the Federal Bureau of Investigation, the Defense
Intelligence Agency, the Central Intelligence Agency, the United States Army, the United States
Navy, the Department of Homeland Security, and the Department of Justice.

_1/17/06_____
Date

_____
Brian Neff
SCHIFF HARDIN LLP
623 Fifth Avenue
New York, New York 10022
(212) 753-5000

I, Marc D. Falkoff, am an attorney with Covington & Burling, 1330 Avenue of the Americas, New York, NY 10019. I hereby authorize the Center for Constitutional Rights ("CCR") and its lawyers to make a request on my behalf pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, and corresponding regulations, for records related to electronic surveillance of my communications, as described in the attached Freedom of Information Act Request.

This request shall be made to the following agencies, departments and units of the United States government: the National Security Agency, the Federal Bureau of Investigation, the Defense Intelligence Agency, the Central Intelligence Agency, the United States Army, the United States Navy, the Department of Homeland Security, and the Department of Justice.

January 17, 2006

Marc D. Falkoff
1330 Avenue of the Americas
New York, NY 10019
(212) 841-1166

# MacArthur Justice Center

University of Chicago
Law School
1111 East 60th Street
Chicago, Illinois 60637

*phone*   773.753.4405
*fax*      773.702.0771

*Legal Director*
_____ Bowman
_____
_____ _____@law.uchicago.edu
*Lecturer & Trial Attorney*
Joseph Margulies
_____
_____ _____uchicago.edu

*Board of Directors*
Solange MacArthur
John R. MacArthur
James Liggett

I, Joe Margulies, am an attorney with the MacArthur Justice Center at the University of Chicago Law School. I hereby authorize the Center for Constitutional Rights ("CCR") and its lawyers to make a request on my behalf pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, and corresponding regulations for records related to electronic surveillance of my communications, as described in the attached Freedom of Information Act Request.

This request shall be made to the following agencies, departments and units of the United States government: the National Security Agency, the Federal Bureau of Investigation, the Defense Intelligence Agency, the Central Intelligence Agency, the United States Army, the United States Navy, the Department of Homeland Security, and the Department of Justice.

January 17, 2005

Joe Margulies
MacArthur Justice Center
University of Chicago Law School
1111 East 60th Street
Chicago, IL 60637
773.702.9560 (w)
763.245.8048 (m)
jmarguli@uchicago.edu

*General Counsel*
David Bradford
_____
_____
Chicago, IL 60611
312.222.9350
dibradford@jenner.com

I, _Scott S. Barker_ , am an attorney with _Holland + Hart, LLP_
_____. I hereby authorize the Center for Constitutional Rights ("CCR") and its
lawyers to make a request on my behalf pursuant to the Freedom of Information Act ("FOIA"), 5
U.S.C. ' 552, *et seq.*, and corresponding regulations for records related to electronic surveillance of
my communications, as described in the attached Freedom of Information Act Request.

This request shall be made to the following agencies, departments and units of the United States
government: the National Security Agency, the Federal Bureau of Investigation, the Defense
Intelligence Agency, the Central Intelligence Agency, the United States Army, the United States
Navy, the Department of Homeland Security, and the Department of Justice.

_1-17-06_
Date

_[signature]_
[name]

[please add preferred contact
information, including phone number]
303-295-8573
555 17th St. Suite 3200
Denver, Colo. 80202

I, Anne J. Castle, am an attorney with Holland & Hart LLP in Denver, Colorado. I hereby authorize the Center for Constitutional Rights ("CCR") and its lawyers to make a request on my behalf pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. ' 552, *et seq.*, and corresponding regulations for records related to electronic surveillance of my communications, as described in the attached Freedom of Information Act Request.

This request shall be made to the following agencies, departments and units of the United States government: the National Security Agency, the Federal Bureau of Investigation, the Defense Intelligence Agency, the Central Intelligence Agency, the United States Army, the United States Navy, the Department of Homeland Security, and the Department of Justice.

1/17/06
Date

Anne J. Castle

Holland & Hart LLP
P.O. Box 8749
Denver, CO 80201
(303) 295-8229

I, _James L. Dorsey_____, am an attorney with _Fredrikson & Byron, P.A.___
_____. I hereby authorize the Center for Constitutional Rights ("CCR") and its
lawyers to make a request on my behalf pursuant to the Freedom of Information Act ("FOIA"), 5
U.S.C. ' 552, *et seq.*, and corresponding regulations for records related to electronic surveillance of
my communications, as described in the attached Freedom of Information Act Request.

This request shall be made to the following agencies, departments and units of the United States
government: the National Security Agency, the Federal Bureau of Investigation, the Defense
Intelligence Agency, the Central Intelligence Agency, the United States Army, the United States
Navy, the Department of Homeland Security, and the Department of Justice.


_Jan. 17, 2006_
Date

_James S. Dorsey_
[name]
_James L. Dorsey_
[please add preferred contact
information, including phone number]

Fredrikson & Byron, P.A.
200 So. 6th St., # 4000
Minneapolis, MN 55402
612. 492. 7079

I, Asmah Tareen, am an attorney with Fredrikson & Byron, P.A. I hereby authorize the Center for Constitutional Rights ("CCR") and its lawyers to make a request on my behalf pursuant to the Freedom of Information Act ("FOIA"), 5 U S C ' 552, *et seq*, and corresponding regulations for records related to electronic surveillance of my communications, as described in the attached Freedom of Information Act Request

This request shall be made to the following agencies, departments and units of the United States government: the National Security Agency, the Federal Bureau of Investigation, the Defense Intelligence Agency, the Central Intelligence Agency, the United States Army, the United States Navy, the Department of Homeland Security, and the Department of Justice

_1/17/06_
Date

Asmah Tareen

Fredrikson & Byron, P.A
Suite 4000, 200 South Sixth Street
Minneapolis, Minnesota 55402-1425
Direct dial phone: 612-492-7139
e-mail: atareen@fiedlaw com

I, Thomas R. Johnson, am an attorney with Perkins Coie, LLP. I hereby authorize the Center for Constitutional Rights ("CCR") and its lawyers to make a request on my behalf pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. ' 552, *et seq.*, and corresponding regulations for records related to electronic surveillance of my communications, as described in the attached Freedom of Information Act Request.

This request shall be made to the following agencies, departments and units of the United States government: the National Security Agency, the Federal Bureau of Investigation, the Defense Intelligence Agency, the Central Intelligence Agency, the United States Army, the United States Navy, the Department of Homeland Security, and the Department of Justice.

1/18/06
Date

Thomas R. Johnson

1120 NW Couch Street
Tenth Floor
Portland, OR 97209

To: Greta Gutierrez

I, George Brent Mickum IV, am an attorney with Keller and Heckman,
1001 G Street, N.W., Washington, D.C. I hereby authorize the Center
for Constitutional Rights ("CCR") and its lawyers to make a request on my behalf
pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, and
corresponding regulations for records related to electronic surveillance of my
communications, as described in the attached Freedom of Information Act Request.

This request shall be made to the following agencies, departments and units of the United
States government: the National Security Agency, the Federal Bureau of Investigation,
the Defense Intelligence Agency, the Central Intelligence Agency, the United States
Army, the United States Navy, the Department of Homeland Security, and the
Department of Justice.

1-17-06

Date                                    [name]

202 434 4245 (w)         contact         [please add preferred
301 320 3124 (h)         number]         information, including phone

I, Stephen M. Truitt, am an attorney duly authorized to practice law in the District of Columbia. I hereby authorize the Center for Constitutional Rights ("CCR") and its lawyers to make a request on my behalf pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, and corresponding regulations for records related to electronic surveillance of my communications, as described in the attached Freedom of Information Act Request.

This request shall be made to the following agencies, departments and units of the United States government: the National Security Agency, the Federal Bureau of Investigation, the Defense Intelligence Agency, the Central Intelligence Agency, the United States Army, the United States Navy, the Department of Homeland Security, and the Department of Justice.

January 13, 2006

Stephen M. Truitt

600 14th St. NW, Suite 500
Washington, DC 20005
Tel 202 220 1452
Fax 202 220 1665

I, H. Candace Gorman, attorney at law, at the Law office of H. Candace Gorman . I hereby authorize the Center for Constitutional Rights ("CCR") and its lawyers to make a request on my behalf pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. ' 552, *et seq.*, and corresponding regulations for records related to electronic surveillance of my communications, as described in the attached Freedom of Information Act Request.

This request shall be made to the following agencies, departments and units of the United States government: the National Security Agency, the Federal Bureau of Investigation, the Defense Intelligence Agency, the Central Intelligence Agency, the United States Army, the United States Navy, the Department of Homeland Security, and the Department of Justice.

January 17, 2006

H. Candace Gorman
542 S. Dearborn
Suite 1060
Chicago Il. 60605
312.427.2313



999 Peachtree Street, NE
Atlanta, GA 30309-3996
404.853.8000
fax 404.853.8806
www.sablaw.com

I, John A. Chandler, am a partner with Sutherland, Asbill & Brennan LLP. I hereby authorize the Center for Constitutional Rights ("CCR") and its lawyers to make a request on behalf of Sutherland, Asbill & Brennan LLP pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, and corresponding regulations for records related to electronic surveillance of my communications, as described in the attached Freedom of Information Act Request.

This request shall be made to the following agencies, departments and units of the United States government: the National Security Agency, the Federal Bureau of Investigation, the Defense Intelligence Agency, the Central Intelligence Agency, the United States Army, the United States Navy, the Department of Homeland Security, and the Department of Justice.

_1/16/ 2006_
Date

John A. Chandler

SUTHERLAND ASBILL &
BRENNAN LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309-3996
(404) 853-8029
Email: *john.chandler@sablaw.com*

AO 1428670 1

Atlanta    ▪    Austin    ▪    Houston    ▪    New York    ▪    Tallahassee    ▪    Washington, DC

# Exhibit B



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

February 14, 2006

WILLIAM GOODMAN ESQ
CENTER FOR CONSTITUTIONAL RIGHTS
7TH FLOOR
666 BROADWAY
NEW YORK, NY 10012

Request No.: 1038282- 000
Subject: WILNER, THOMAS

Dear Mr. Goodman:

    ☒    This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

    ☐    For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior  addresses, or employment information would also be helpful.  If your subject is deceased, please  include date and proof of death.

    ☐    To make sure information about you is not released to someone else, we require your notarized  signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746.  For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

    ☐    If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made  with the records kept by CJIS.  This is to make sure your information is not released to an unauthorized person.

    ☐    We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

    ☐    Processing delays have been caused by the large number of requests received by the FOIPA.  We will process your request(s) as soon as possible.

    Your request has been assigned the number indicated above.  Please use this number in all correspondence with us.  Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
 Dissemination Section
Records Management Division



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

February 14, 2006

WILLIAM GOODMAN ESQ
CENTER FOR CONSTITUTIONAL RIGHTS
7TH FLOOR
666 BROADWAY
NEW YORK, NY 10012

Request No.: 1038317- 000
Subject: HAFETZ, JONATHAN

Dear Mr. Goodman:

☒    This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐    For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐    To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐    If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☐    We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐    Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

February 16, 2006

WILLIAM GOODMAN ESQ
CENTER FOR CONSTITUTIONAL RIGHTS
7TH FLOOR
666 BROADWAY
NEW YORK, NY 10012

Request No.: 1038614- 000
Subject: GUTIERREZ, GITANJALI

Dear Mr. Goodman:

☒    This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request
to the FBI. The FOIPA number listed above has been assigned to your request.

☐    For an accurate search of our records, please provide the complete name, alias, date and
place of birth for the subject of your request. Any other specific data you could provide
such as prior addresses, or employment information would also be helpful. If your
subject is deceased, please include date and proof of death.

☐    To make sure information about you is not released to someone else, we require your
notarized signature or, in place of a notarized signature, a declaration pursuant to Title
28, United States Code 1746. For your convenience, the reverse side of this letter
contains a form which may be used for this purpose.

☐    If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for
your arrest record, please follow the enclosed instructions in Attorney General Order
556-73. You must submit fingerprint impressions so a comparison can be made with the
records kept by CJIS. This is to make sure your information is not released to an
unauthorized person.

☐    We are searching the indices to our central records system at FBI Headquarters for the
information you requested, and will inform you of the results as soon as possible.

☐    Processing delays have been caused by the large number of requests received by the
FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all
correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Records Management Division



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

*February 14, 2006*

MICHAEL GOODMAN ESQ
CENTER FOR CONSTITUTIONAL RIGHTS
7TH FLOOR
666 BROADWAY
NEW YORK, NY 10012

Request No.:  1038354- 000
Subject:  STERNHELL, MICHAEL J

Dear Mr. Goodman:

☒     This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐     For an accurate search of our records, please provide the complete name, alias, date and place of  birth for the subject of your request.  Any other specific data you could  provide such as prior  addresses, or employment information would also be helpful.  If your subject is deceased, please  include date and proof of death.

☐     To make sure information about you is not released to someone else, we require your notarized  signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746.  For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐     If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest  record, please follow the enclosed instructions in Attorney General Order 556-73.  You must submit fingerprint impressions so a comparison can be made  with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒     We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐     Processing delays have been caused by the large number of requests received by the FOIPA.  We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above.  Please use this number in all correspondence with us.  Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

*February 14, 2006*

WILLIAM GOODMAN ESQ
CENTER FOR CONSTITUTIONAL RIGHTS
7TH FLOOR
666 BROADWAY
NEW YORK, NY 10012

Request No.: 1038380- 000
Subject: COLANGELO-BRYAN, JOSHUA

Dear Mr. Goodman:

☒    This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐    For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐    To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐    If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒    We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐    Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Records Management Division



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

February 14, 2006

WILLIAM GOODMAN ESQ
CENTER FOR CONSTITUTIONAL RIGHTS
7TH FLOOR
666 BROADWAY
NEW YORK, NY 10012

Request No.: 1038273- 000
Subject: NEFF, BRIAN

Dear Mr. Goodman:

☒　　This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐　　For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐　　To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐　　If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☐　　We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐　　Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
　Dissemination Section
Records Management Division



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

February 14, 2006

WILLIAM GOODMAN ESQ
CENTER FOR CONSTITUTIONAL RIGHTS
7ᵀᴴ FLOOR
666 BROADWAY
NEW YORK, NY 10012

Request No.: 1038336- 000
Subject: FALKOFF, MARC D

Dear Mr. Goodman:

☒ This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐ For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐ To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐ If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☐ We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐ Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

*February 14, 2006*

WILLIAM GOODMAN ESQ
CENTER FOR CONSTITUTIONAL RIGHTS
7TH FLOOR
666 BROADWAY
NEW YORK, NY 10012

> Request No.: 1038343- 000
> Subject: MARGULIES, JOSEPH

Dear Mr. Goodman:

☒     This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐     For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐     To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐     If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒     We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐     Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

    Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

February 14, 2006

WILLIAM GOODMAN ESQ
CENTER FOR CONSTITUTIONAL RIGHTS
7TH FLOOR
666 BROADWAY
NEW YORK, NY 10012

Request No.: 1038318- 000
Subject: BARKER, SCOTT S

Dear Mr. Goodman:

☒    This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request
to the FBI. The FOIPA number listed above has been assigned to your request.

☐    For an accurate search of our records, please provide the complete name, alias, date and
place of birth for the subject of your request. Any other specific data you could provide
such as prior  addresses, or employment information would also be helpful.  If your
subject is deceased, please  include date and proof of death.

☐    To make sure information about you is not released to someone else, we require your
notarized  signature or, in place of a notarized signature, a declaration pursuant to Title
28, United States Code 1746.  For your convenience, the reverse side of this letter
contains a form which may be used for this purpose.

☐    If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for
your arrest record, please follow the enclosed instructions in Attorney General Order
556-73. You must submit fingerprint impressions so a comparison can be made  with the
records kept by CJIS. This is to make sure your information is not released to an
unauthorized person.

☐    We are searching the indices to our central records system at FBI Headquarters for the
information you requested, and will inform you of the results as soon as possible.

☐    Processing delays have been caused by the large number of requests received by the
FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above.  Please use this number in all
correspondence with us.  Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

February 14, 2006

WILLIAM GOODMAN ESQ
CENTER FOR CONSTITUTIONAL RIGHTS
7TH FLOOR
666 BROADWAY
NY 10012

Request No.: 1038319- 000
Subject: CASTLE, ANNE J

Dear Mr. Goodman:

☒　　This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐　　For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐　　To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐　　If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☐　　We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐　　Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
　Dissemination Section
Records Management Division



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

*February 14, 2006*

WILLIAM GOODMAN ESQ
CENTER FOR CONSTITUTIONAL RIGHTS
7TH FLOOR
666 BROADWAY
NEW YORK, NY 10012

Request No.: 1038373- 000
Subject: DORSEY, JAMES E

Dear Mr. Goodman:

☒   This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐   For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐   To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐   If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒   We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐   Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Records Management Division



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

*February 14, 2006*

WILLIAM GOODMAN ESQ
CENTER FOR CONSTITUTIONAL RIGHTS
7TH FLOOR
666 BROADWAY
NEW YORK, NY 10012

Request No.: 1038375- 000
Subject: TAREEN, ASMAH

Dear Mr. Goodman:

☒    This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐    For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐    To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐    If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒    We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐    Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

February 16, 2006

WILLIAM GOODMAN ESQ
CENTER FOR CONSTITUTIONAL RIGHTS
7TH FLOOR
666 BROADWAY
NEW YORK, NY 10012

Request No.:  1038606- 000
Subject: JOHNSON, THOMAS R

Dear Mr. Goodman:

⊠    This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐    For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐    To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐    If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☐    We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐    Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us.  Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

*February 14, 2006*

WILLIAM GOODMAN ESQ
CENTER FOR CONSTITUTIONAL RIGHTS
7TH FLOOR
666 BROADWAY
NEW YORK, NY 10012

Request No.: 1038356- 000
Subject: MICKUM, GEORGE BRENT (1V)

Dear Mr. Goodman:

☒     This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐     For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐     To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐     If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒     We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐     Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Records Management Division



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

*February 14, 2006*

WILLIAM GOODMAN ESQ
CENTER FOR CONSTITUTIONAL RIGHTS
7TH FLOOR
666 BROADWAY
NEW YORK, NY 10012

Request No.: 1038344- 000
Subject: TRUITT, STEPHEN M

Dear Mr. Goodman:

☒    This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐    For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐    To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐    If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒    We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐    Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division



**U.S. Department of Justice**

---

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

*February 14, 2006*

WILLIAM GOODMAN ESQ
CENTER FOR CONSTITUTIONAL RIGHTS
7TH FLOOR
666 BROADWAY
NEW YORK, NY 10012

Request No.:  1038391- 000
Subject:  GORMAN, H CANDACE

Dear Mr. Goodman:

☒    This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐    For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐    To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐    If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒    We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐    Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

*February 14, 2006*

WILLIAM GOODMAN ESQ
CENTER FOR CONSTITUTIONAL RIGHTS
7TH FLOOR
666 BROADWAY
NEW YORK, NY 10012

Request No.: 1038394- 000
Subject: CHANDLER, JOHN A

Dear Mr. Goodman:

☒     This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request to the FBI. The FOIPA number listed above has been assigned to your request.

☐     For an accurate search of our records, please provide the complete name, alias, date and place of birth for the subject of your request. Any other specific data you could provide such as prior addresses, or employment information would also be helpful. If your subject is deceased, please include date and proof of death.

☐     To make sure information about you is not released to someone else, we require your notarized signature or, in place of a notarized signature, a declaration pursuant to Title 28, United States Code 1746. For your convenience, the reverse side of this letter contains a form which may be used for this purpose.

☐     If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for your arrest record, please follow the enclosed instructions in Attorney General Order 556-73. You must submit fingerprint impressions so a comparison can be made with the records kept by CJIS. This is to make sure your information is not released to an unauthorized person.

☒     We are searching the indices to our central records system at FBI Headquarters for the information you requested, and will inform you of the results as soon as possible.

☐     Processing delays have been caused by the large number of requests received by the FOIPA. We will process your request(s) as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all correspondence with us. Your patience is appreciated.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
  Dissemination Section
Records Management Division

# Exhibit C

**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

April 6, 2006

William Goodman, Esq.
Legal Director
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, N.Y. 10012

                                        RE: FOIPA Request Nos.: 1038271-
                                               1038614

Dear Mr. Goodman:

        This is an interim response to your multi-part Freedom of Information Act (FOIA)
and Privacy Act request dated January 18, 2006 for all documents "concerning any
warrantless electronic surveillance or warrantless physical searches of any person located
within the United States from September 11, 2001 to the date of this FOIA Request that
references" the requesting parties. In addition, your request seeks "disclosure of records
concerning the development, approval, and implementation of the Executive's warrantless
electronic surveillance and/or warrantless physical search program within the United
States."·

        Please be advised that with regard to the portion of your January 19, 2006 request
which seeks records related to the individual requesting parties, the FBI has assigned
FOIPA Nos. 1038271 to 1038614. Please refer to these FOIPA Nos. in all future
correspondence related to this portion of the request.

        As you may be aware, the President of the United States "authorized the National
Security Agency [(NSA)], consistent with U.S. law and the Constitution, to intercept the
international communications of people with known links to al Qaeda and related terrorist
organizations." The President has also noted that "[t]his is a highly classified program
that is crucial to our national security." As a result, because of the highly classified
nature of the program, we can neither confirm nor deny whether records related to any
particular individual under this program exist. The fact of the existence or non-existence
of responsive records is a currently and properly classified matter in accordance with
Executive Order 12958, as amended. Thus, that portion of your request which seeks
access to records related to any particular individual is denied pursuant to Exemption 1 of
the FOIA, 5 U.S.C. § 552(b)(1), which provides that the FOIA does not apply to matters
that are "(A) specifically authorized under criteria established by an Executive Order to

Mr. William Goodman

be kept secret in the interest of national defense or foreign policy and (B) are in fact
properly classified pursuant to such Executive order."

We are continuing our search efforts with regard to the remaining portions of your
FOIA request, and we will notify you if we identify any additional records responsive to
your request.

You have the right to appeal any denials in this response. Appeals should be
directed in writing to the Director, Office of Information and Privacy, U.S. Department of
Justice, 1425 New York Avenue, N.W., Suite 11050, Washington, D.C. 20530-0001,
within sixty (60) days from the date of this letter. The envelope and the letter should be
clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite
the FOIPA request number assigned to your request so that it may be easily identified.

                                    Sincerely yours,


                                    David M. Hardy
                                    Section Chief
                                    Record/Information
                                      Dissemination Section
                                    Records Management Division

# Exhibit D

# centerforconstitutionalrights

666 broadway new york, ny 10012
t 212 614 6464 f 212 614 6499 www.ccr-ny.org

June 5, 2006

**VIA FACSIMILE AND FIRST CLASS MAIL**

Director, Office of Information and Privacy
U.S. Department of Justice
1425 New York Avenue, N.W.
Suite 11050
Washington, D.C. 20530-0001

RE:    Freedom of Information Appeal for FOIPA Nos.: 1038271-1038614

Dear Director:

I am writing to appeal the decision by the Federal Bureau of Investigation (FBI) to neither confirm nor deny the existence or nonexistence of records pursuant to the first exemption of the Freedom of Information Act (FOIA) in the above-referenced matter as set forth in the FBI's Response dated April 6, 2006, attached hereto as Exhibit A. Specifically, your agency invoked the first exemption from the FOIA with respect to our request under item #1 for records related to the individual requesting parties, as described below. We are also appealing your office's denial of our request for expedited processing. The FBI has also failed to provide a response to items #2-8 within the statutory 20-day time limit of the FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, we are also appealing your office's lack of a timely determination of our requests in items #2-8. This administrative appeal is filed pursuant to Section 552(a)(6) of the FOIA. 50 U.S.C. §552(a)(6). The Center for Constitutional Rights and our individual requesters ("Requesters") sought these records under the FOIA in a letter dated January 18, 2006, attached hereto as Exhibit B.

In our request of January 18, 2006, we sought the following records:[1]

1.  All records obtained through or relating to ongoing or completed warrantless electronic surveillance or physical searches of persons located within the United States, including logs and indexes, regarding or concerning any Requesting Party and/or records of warrantless electronic surveillance or physical searches of persons located within the United States that reference, list, or name any Requesting Party;

2.  Any Executive Orders authorizing the warrantless electronic surveillance or physical searches of persons located within the United States referenced in paragraph (1) above;

3.  All records establishing, discussing or referencing the policies, procedures, guidelines, or practices of the FBI or NSA used to (a) identify

---

[1] *See* Exhibit B.



the individuals or organizations subject to warrantless electronic surveillance or warrantless physical searches within the United States; (b) gather information through warrantless electronic surveillance or warrantless physical searches within the United States; (c) share this information with other U.S. government agencies and with foreign governments or the agencies or agents thereof; (d) share this information as a basis for a warrant request by the U.S. Department of Justice to the Foreign Intelligence Surveillance Act Court; (e) destroy this information; and/or (f) consult with or secure approval from the U.S. Department of Justice or other departments, agencies or Executive officials prior to conducting warrantless electronic surveillance or warrantless physical searches of persons located within the United States;

4.   Any records stating, discussing, or referencing the legality or propriety of warrantless electronic surveillance or warrantless physical searches of persons located within the United States, including but not limited to policy statements, memoranda, analyses, explanations, or authorizations;

5.   Any Department of Justice evaluation, assessment, or audit of any NSA program implementing warrantless electronic surveillance or warrantless physical searches of persons located within the United States;

6.   Any internal FBI evaluation, assessment, or audit of any FBI or NSA program implementing warrantless electronic surveillance or warrantless physical searches of persons located within the United States;

7.   Any records containing concerns or comments by judges, national security officials, intelligence officials, government lawyers, or other about the FBI or NSA warrantless electronic surveillance program; and

8.   All records reflecting budget allocations for all warrantless electronic surveillance or warrantless physical search programs of persons located within the United States.

In the denial of our FOIA request, your office stated with respect to item #1 of our request that,

As you may be aware, the President of the United States "authorized the National Security Agency [(NSA)], consistent with U.S law and the Constitution, to intercept the international communications of people with known links to al Qaeda and related terrorist organizations." The President has also noted that "[t]his is a highly classified program that is crucial to our national security." As a result, because of the highly classified nation of the program, we can neither confirm nor deny whether records related to any particular individual under this program exist. The fact of the existence or non-existence of

2

responsive records is a currently and properly classified matter in accordance with Executive Order 12958, as amended.[2]

Your office justifies its "Glomar response"[3] under the first exemptions from the FOIA's disclosure obligation. Your office claimed that information responsive to item #1 could be withheld because, under the first exemption, the "FOIA does not apply to matters that are '(A) specifically authorized under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive Order.'"[4]

The FBI indicated in its Response that with respect to items #2-8, it is continuing to search for responsive records and will notify Requesters if any are identified. This constitutes a denial of our request for expedited processing. Your office has also failed to provide a determination responsive to items #2-8 of our request within the statutory time limit of the FOIA.

Requesters now appeal your agency's withholding of information responsive to item #1. We also appeal the FBI's denial of expedited processing of this FOIA request and its failure to provide a timely determination for items #2-8. Finally, by this letter the Requesters separately now seek a mandatory declassification review pursuant to Section 3.5 of Executive Order 12958 for all of the requested information in item #1 withheld under 50 U.S.C. §552(b)(1).

*Impropriety of Glomar Response to Item #1*

*Item #1:*
*All records obtained through or relating to ongoing or completed warrantless electronic surveillance or physical searches of persons located within the United States, including logs and indexes, regarding or concerning any Requesting Party and/or records of warrantless electronic surveillance or physical searches of persons located within the United States that reference, list, or name any Requesting Party.*

Reliance on the first exemption from the FOIA's disclosure obligations by refusing to confirm or deny the existence or nonexistence of responsive information requires that the materials at issue be (a) specifically authorized under criteria established by an Executive Order to be kept secret in the interest of national defense or foreign policy and (b) are in fact properly classified pursuant to such Executive Order. *See* 5 U.S.C. §552(b)(1); *see also American Civil Liberties Union v. Department of Justice*, 265 F. Supp.2d 20 (D.D.C. 2003).

Moreover, Section 1.2(a)(4) of Executive Order 12958 expressly limits the classification authority under the Order, stating that an agency may only classify information if "the

---

[2] *See* Exhibit A.

[3] An agency's "Glomar response" neither admits nor denies that it possesses a requested document. *See Phillippi v. CIA*, 546 F.2d 1009 (D.C. Cir. 1976).

[4] *See* Exhibit A.

unauthorized disclosure of the information reasonably could be expected to result in damage to the national security and the *original classification authority is able to identify or describe the damage.*" *See Wolf v. Central Intelligence Agency*, 357 F. Supp.2d 112, 116 (D.D.C. 2004) (emphasis added).

Requesters strongly contest your office's reliance upon the first exemption under the FOIA to justify its Glomar response because (a) acknowledging whether or not the disputed documents exist reveals no classified information that could reasonably be expected to damage "national defense" or "foreign affairs" and the President has failed to identify this purported damage; (b) information about the existence or nonexistence of the records is being withheld to conceal violations of the law or to prevent embarrassment to the agency and thus, does not properly fall within disclosure exemptions under Executive Order 12958; and (c) public information about the existence of the Executive's warrantless surveillance program is widespread, alleviating the need to maintain lingering doubt about the existence or nonexistence of the disputed information and the program's application to Requesters.

In the first instance, acknowledging the existence or nonexistence of information responsive to item #1 would not reveal exempt classified information that can reasonably be expected to endanger national security. Such disclosures have already occurred and at least one federal court has determined that it is unreasonable to conclude that national security would be harmed by disclosure of the existence of warrantless surveillance of privileged attorney-client communications. In two federal civil cases, *Turkmen v. Ashcroft*, 02 Civ. 2307 (E.D.N.Y.) and *Elmaghraby v. Ashcroft*, 04 Civ. 1809 (E.D.N.Y.), an Assistant U.S. Attorney acknowledged on the record that he had no knowledge of any warrantless surveillance by the government of communications between the foreign plaintiffs and their U.S. lawyers. *Turkmen*, 02 Civ. 2307 (E.D.N.Y.); *Elmaghraby*, 04 Civ. 1809 (E.D.N.Y.), Tr. of March 7, 2006 Conference, at 32. Presumably, this disclosure did not reveal any classified information reasonably expected to threaten national security. This is so even though the disclosure related to particular attorneys and specific foreign citizen clients.

In these cases, the Department of Justice, however, refused to provide official assurances by the agency to the plaintiffs and their counsel that no monitoring of privileged attorney-client communications has occurred. On May 30, 2006, the Court ordered the government to disclose whether the trial team is aware of any warrantless surveillance of the plaintiffs' privileged attorney-client communications. *Turkmen*, 02 Civ. 2307 (E.D.N.Y.); *Elmaghraby*, 04 Civ. 1809 (E.D.N.Y.), Order of May 30, 2006 [dkt. No. 497].[5] In so ordering, the court rejected the government's claim that disclosure would reveal classified information reasonably likely to harm national security: "The government has failed to present any specific facts or information in support of its

---

[5] The court limited its order to the trial team rather than any government official only to prevent the trial team from learning privileged information obtained through warrantless surveillance by other government officials. *Turkmen*, 02 Civ. 2307 (E.D.N.Y.); *Elmaghraby*, 04 Civ. 1809 (E.D.N.Y.), Order of May 30, 2006, at 11 [dkt. No. 497] ("[W]ere I to rule otherwise, there is the possibility of tainting the trial team by exposing them to information they would not be aware of but for the investigation they conducted in response to my order.").

contention that providing the information sought by plaintiffs would result in the disclosure of classified information. In any event, it is difficult to imagine what relevant facts remain secret but would be revealed if the information at issue were provided." *Id.* at 7. Thus, your office has failed to satisfy the requirement for the first exemption of the FOIA that acknowledgment and disclosure of the requested information "reasonably could be expected to result in damage to national security." *American Civil Liberties Union v. Department of Justice*, 265 F. Supp.2d at 28.

Second, your office has also failed to overcome the requirement of Section 1.2(a)(4) of Executive Order 12958 that the original classification authority be able to describe or identify the grave damage to national security caused by disclosure of the classified information. The FBI has given an insufficient description of the specific damages that would be caused by the disclosure of the existence or nonexistence of records related to warrantless domestic surveillance of the Requesters. The failure to identify a particular national security concern under Section 1.4 of Executive Order 12985[6] and the assertion of the President's vague conclusory statement that "[t]his is a highly classified program that is crucial to our national security"[7] do not describe specific national security or foreign affairs concerns that would be placed at risk by the acknowledgement of the existence or nonexistence of records pertaining to the warrantless, domestic surveillance of the Requesters. *Cf. Florida Immigration Advocacy Center v. National Security Agency*, 380 F. Supp.2d 1332 (S.D. Fla. 2005) (permitting withholding of a one-page document when its disclosure would identify a specific foreign target involved with a specific intelligence program in a specific foreign country and no portion of the document was segregable); *Wolf*, 357 F. Supp.2d at 112 (permitting a Glomar response to a request for information concerning "whether the CIA has gathered intelligence on a particular foreign national" and "acknowledging the existence of such records could reveal intelligence sources and methods and information harmful to foreign relations"). Your office's Glomar response to item #1 is highly is improper because the fact of the existence or nonexistence of these records will not identify a specific target, a specific intelligence program, or the details of any methods of surveillance in such a manner that threatens national security.

---

[6] Section 1.4 provides that information cannot be classified unless it concerns

(a) military plans, weapons systems, or operations;
(b) foreign government information;
(c) intelligence activities (including special activities), intelligence sources or methods, or cryptology;
(d) foreign relations or foreign activities of the United States, including confidential sources;
(e) scientific, technological, or economic matters relating to the national security, which includes defense against transnational terrorism;
(f) United States Government programs for safeguarding nuclear materials or facilities;
(g) vulnerabilities or capabilities of systems, installations, infrastructures, projects, plans, or protection services relating to the national security, which include defense against transnational terrorism;
(h) weapons of mass destruction.

Executive Order 12958, §1.4(a)-(h).

[7] *See* Exhibit A.

Moreover, it cannot be reasonably argued that acknowledgment of the existence or nonexistence of any records related to any warrantless surveillance of scores of lawyers who have clients in multiple countries could possibly lead to the specificity of information necessary to threaten national security. In fact, responsive records related to some portion of the Requesters, or even all of the Requesters, would reveal only that lawyers and their colleagues and staff may or may not be subject to surveillance of some of their international communications. Because most Requesters have multiple overseas communications, such disclosure would not identify a specific intelligence target, program or method that could – in isolation or in tandem with other information[8] – create a risk to national security. Accordingly, acknowledgment of whether or not the disputed documents exist, and, indeed, the content of the underlying documents, is not classified information that could reasonably be expected to cause identified damage to our national defense, and your office's Glomar response to item #1 is improper.

Even if such information were found to "concern" national security in some tenuous manner, we cannot accept that the release of limited records, or "reasonably segregable portions" of these records, "reasonably could be expected to result in damage to national security." *American Civil Liberties Union v. Department of Justice*, 265 F. Supp.2d at 28 (citing Executive Order 12958, §§ 1.2, 1.5, as amended, §1.1(4)).

Rather, your office's overly-broad assertion of classification of the fact of the existence or nonexistence of records related to the warrantless surveillance of the Requesters is an improper effort under the Executive Order to conceal violations of the law and to prevent embarrassment to the FBI. Such information cannot be designated as "classified" under Executive Order 12958 and cannot be withheld under the first exemption of the FOIA. Section 1.7 of Executive Order 12958 expressly states that "in no case shall information be classified in order to: (1) conceal violations of law [or] (2) prevent embarrassment to a person, organization, or agency." The classification limitations under Section 1.7(1)-(2) of the Executive Order prohibit precisely this avoidance of public accountability for wrongful government conduct.

Public censure of the Executive's domestic warrantless surveillance program has been widespread since the program was exposed by the *New York Times* in December 2005.[9] Substantial concerns about the program's legality and propriety have been expressed by the general public,[10] former government officials,[11] legal organizations,[12] the judiciary,[13]

---

[8] Here, the release of any elements responsive to this request or the other items will not allow for analysis of "bits of data into a 'mosaic' by skilled intelligence agents who may receive FOIA-related documents." *See Center for National Security Studies v. Department of Justice*, 331 F.3d 918, 928 (D.C. Cir. 2003). Responsive records can be prepared in a manner, if necessary, that will not reveal details of particular intelligence targets, methods or sources.

[9] James Risen & Eric Lichtblau *Bush Lets U.S. Spy on Callers Without Courts*, NY Times, Dec. 16, 2005, at A1, A22.

[10] See, e.g., Editorial, *End Run the End Run: President Wrong to Bypass Courts in Ordering Domestic Wiretaps*, Columbus Dispatch, Jan. 14, 2006, at A12; Frank James, *Gore Accuses President of Breaking the Law*, Chi. Trib., Jan. 17, 2006.

and Congress.[14] Disclosure of the existence of records related to warrantless domestic surveillance of the Requesters would not reveal details of specific intelligence activities, but would raise substantial concerns that the Executive has acted lawlessly by, for example, intruding upon privileged attorney-client communications and acting without statutory authority or judicial approval.[15]

Requesters are lawyers and professionals associated with legal organizations, human rights advocacy organizations, private law firms, federal public defender offices, and law schools. Each Requester engages and has engaged in some overseas communications with clients, foreign co-counsel, or other colleagues, often concerning privileged attorney-client communications or attorney work-product. The implications of your office's refusal to disclose the fact of the existence or nonexistence of any surveillance records of Requesters is that attorneys representing the United States may have access to confidential information between adverse parties and their clients or co-counsel, and may use evidence gathered by such monitoring to prepare the government's case, or even in court.

For example, in *Turkmen* and *Elmaghraby*, the government has yet to comply with a court order to disclose whether it has subjected plaintiffs' lawyers to surveillance, as discussed above. The plaintiffs in these cases, some of whom now live overseas, are challenging their immigration detention and abuse while detained during post-9/11

---

[11] *See, e.g.*, Jim Puzzanghera, *Experts Challenge Need for Warrantless Spying*, Mercury News, Jan. 28, 2006.

[12] American Bar Association, House of Delegates Resolution 302, adopted Feb. 13, 2006 (opposing "any future electronic surveillance inside the United States by any U.S. government agency for foreign intelligence purposes that does not comply with the provisions of the Foreign Intelligence Surveillance Act" and urging Congress to investigate the scope, justification, legality, and uses of the warrantless surveillance program); National Association of Criminal Defense Lawyers, News Release, *When the Government Becomes a Lawbreaker, Part 2*, Jan. 19, 2006, *available at* http://www.nacdl.org/public. nsf/newsreleases/2006mn001?OpenDocument (describing the NACDL's legal challenge to the NSA warrantless surveillance program).

[13] Carol D. Leonnig & Dafna Linzer, *Judges on Surveillance Court To Be Briefed on Spy Programs*, Wash. Post, Dec. 22, 2005, at A1.

[14] Jennifer Loven, *Report of NSA Spying Prompts Call for Probe*, S.F. Chron., Dec. 16, 2005 (reporting that Senator Arlen Specter pledged to hold Senate hearings to investigate the NSA's warrantless surveillance); Maura Reynolds & Greg Miller, *Congress Wants Answers About Spying on U.S. Citizens*, Pitts. Post-Gazette, Dec. 16, 2005. On May 11, 2006, seventy-two Members of Congress filed an amicus brief in support of two cases challenging the legality of the NSA's warrantless surveillance program. *See 72 Members of Congress Support CCR Challenge to Warrantless Spying amidst New Disclosures on the Illegal Program's Massive Reach*, Common Dreams News Wire, May 11, 2006, *available at* http://www. commondreams.org/news2006/0511-17.htm. The Congressional Research Service also concluded that the Administration's legal justification "does not seem to be as well-grounded as the tenor of that letter [from the Office of Legislative Affairs] suggests." Elizabeth B. Bazan & Jennifer K. Elsea, Legislative Attorneys, American Law Division, Congressional Research Service, *Presidential Authority to Conduct Warrantless Electronic Surveillance to Gather Foreign Intelligence Information*, Jan. 5, 2006, at 44 [hereinafter CSR, *Presidential Authority to Conduct Warrantless Electronic Surveillance*.]

[15] The legality of the Executive's warrantless surveillance program is being challenged in a number of cases, including *The Center for Constitutional Rights v. Bush, et al.*, 06 Civ. 313 (S.D.N.Y.) (arguing that the NSA's warrantless surveillance program violates clear criminal law, exceeds the President's authority under Article II of the Constitution and violates the First and Fourth Amendments).

immigration sweeps. In its March 7, 2006 Order, the court specifically directed the United States to state in writing that no member of its trial team is aware of any monitoring of confidential communications between plaintiffs and their attorneys, that no witness who might testify in these cases is aware of such monitoring, and that the United States has no intention of using any evidence obtained through such monitoring in defense of these actions. *Turkmen*, 02 Civ. 2307 (E.D.N.Y.); *Elmaghraby*, 04 Civ. 1809 (E.D.N.Y.) Tr. of March 7, 2006 Conference, at 31. The United States resisted providing assurances to plaintiffs' counsel that government monitoring has not tainted the case. Such concerns are even more heightened for federal pubic defenders and private defense counsel in federal criminal cases.

The possibility of intrusion upon attorney-client communications raises serious ethical and legal concerns. The "attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). It functions to "encourage full and frank communication between attorneys and their client and thereby promote broader public interests in the observance of law and administration of justice." *Id.* Attorneys and law firms have an ethical duty not to "[e]ngage in conduct that is prejudicial to the administration of justice." Model Code of Professional Responsibility, Disciplinary Rule 1-102. The Department of Justice, once characterized by Chief Justice Berger as "the world's largest law firm," is no exception. *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 471 (1983) (Burger, C.J., dissenting). Your office's refusal to confirm or deny whether surveillance is occurring which could lead to such violations within the Department of Justice or other government agencies seriously undermines the Requesters' ability to freely communicate with their overseas clients and co-counsel without fear that their adversaries will review and rely upon confidences revealed during government-monitored communications. Without confirmation of the existence of the information sought in item #1, no Requester's clients adverse to the United States can be assured of the confidentiality of their communications with their attorney, at least when such communications are transmitted across U.S. borders.

Pursuant to the limitations of Section 1.7, such undermining of the administration of justice cannot be withheld from FOIA disclosure under the protections of Executive Order 12958. If Requesters offer "compelling evidence that the agency denying the Freedom of Information Act, 5 U.S.C. §552, request is engaged in illegal activity, and shows that the information sought is necessary in order to confirm or refute that evidence," it will be viewed by the court as substantially favoring the release of the records. *See Davis v. Department of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992). With respect to information responsive to all items, government officials attempting to fulfill their duty to review the legality or illegality of Executive agency conduct have raised substantial concerns that federal agencies, including the Federal Bureau of Investigation, have engaged in illegal conduct and these government officials have been refused access to many of the responsive documents sought in our FOIA request.[16] The

---

[16] *See, e.g.*, Laurie Kellman, *Sen. Specter Threatens to Block NSA Funds*, Wash. Post, Apr. 27, 2006 (reporting that Senator Specter is threatening to introduce an amendment withholding NSA funding if the

FOIA's principle of public disclosure is even more substantial in light of the lack of public scrutiny of the FBI's conduct.

Finally, while few details are known, there is widespread public knowledge about the existence of the warrantless surveillance program, alleviating the need to maintain "lingering doubt" about the existence or nonexistence of records specifically related to the surveillance of Requesters. As noted above, the disclosure of the existence of information responsive to item #1 will not reveal the details of a specific target, specific intelligence mission, specific intelligence program or any other information which could reasonably be viewed as endangering national security or compromising intelligence activities. The existence of such documents and their content remain the subject of unprecedented public and legislative debate concerning the illegality of the warrantless surveillance program. Moreover, for item #1 and all other items, the release of information similar to previously released information cannot in this case be "reasonably [expected] to result in damage to national security." *American Civil Liberties Union v. Department of Justice*, 265 F. Supp.2d at 28. Accordingly, your office should promptly disclose the existence or nonexistence of such records and further disclose the content of documents responsive to item #1.

Even assuming *arguendo*, that the existence or nonexistence of the records related to the FOIA requests by some of the individual Requesters in Appendix A would reveal classified information — a contention Requesters strongly deny — it is unreasonable for the FBI to assert that this is true for all records related to every individual. Some portion of both the fact of the records' existence and the content of the underlying records responsive to item #1 is reasonably segregable. If so, your office has an obligation to produce the segregable information pursuant to the FOIA statute and congressional intent. *See* 5 U.S.C. § 552(b); *see also John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151-52 (1989) (describing the strong congressional intent favoring disclosure under the FOIA); H.R. Rep. No. 1497, 89th Cong., 2d Sess., 6 (1966), U.S. Code Cong. & Admin. News 1966, pp. 2418, 2423 (noting the need "to reach a workable balance between the right of the public to know and the need of the Government to keep information in confidence to the extent necessary without permitting indiscriminate secrecy").

Accordingly, the existence or nonexistence of any records responsive to item #1 must be disclosed. Moreover, the content of the underlying documents, if any, must also be disclosed to avoid concealing unlawful or unethical conduct and conduct embarrassing to the Agency. If necessary, the Agency must engage in an adequate review of all records and prepare segregable portions for disclosure.

*Failure to provide a timely response*

Requesters seek expedited processing of this request because we have a compelling need for information related to the warrantless surveillance of Requesters and documents

---

President does not provide requested information to the Senate about the NSA warrantless surveillance program, including information related to budget allocations).

9

related to the authorization, scope and implementation of the program. This is so because the information concerns unlawful government activity that is the subject of public scrutiny and because denial of the information will result in a substantial loss of due process rights.

As described in our original request, these records are urgently needed by our organization and the individual Requesters in order to inform the public concerning allegedly unlawful federal government activity. Congress has expressly stated its intention to investigate the NSA's warrantless surveillance program and the requested information is crucial to holding public officials accountable for wrongful conduct. The scope and illegality of the NSA's warrantless surveillance program is the subject of widespread and exceptional media interest and the information Requesters seek involves substantial questions about the government's integrity that affect public confidence. Moreover, the Congressional Research Service has concluded that "[w]hether an NSA activity is permissible under the Fourth Amendment and the [Foreign Intelligence Surveillance Act] is impossible to determine without an understanding of the specific facts involved and the nature of the President's authorization,"[17] information that is the subject of the present FOIA request.

The failure to obtain the records on an expedited basis is also reasonably expected to result in an imminent loss of substantial due process rights if the warrantless surveillance of the Requesters has infringed upon their relationship with their clients, as described in detail above.

In addition to denying our request for expedited processing, your agency has failed to provide a determination of our request within the 20-day statutory time limit under the FOIA. Accordingly, the FBI should promptly make a determination of this FOIA request on an expedited schedule.

\*    \*    \*    \*

In closing, Requesters note that many government officials involved in classification determinations have been increasingly concerned over the past few years about the over-classification of information that results in less public accountability for government conduct.[18] Your office's overly-broad assertions of exemptions from the FOIA's

---

[17] CRS, *Presidential Authority to Conduct Warrantless Electronic Surveillance,* at 42-43.

[18] The over-classification of documents was an issue cited by the 9/11 Commission in its final report as one factor impairing the efficient and effective sharing of information with the American public. *See* The 9/11 Commission Report, Final Report of the National Commission on Terrorist Attacks Upon the Unites States, 417 ("Current security requirements nurture overclassification and excessive compartmentation of information among agencies."). In addition, Congress has recently begun to address this issue. *See* Memorandum from Lawrence J. Halloran to Members of the Subcommittee on National Security, Emerging Threats, and International Relations, *Briefing Memorandum for the hearing, Emerging Threats: Overclassification and Pseudo-classification, scheduled for Wednesday, March 2, 1:00 p.m., 2154 Rayburn House Office Building,* Feb. 24, 2005 (noting that the Information and Security Oversight Office's 2003 Report to the President found that "many senior officials will candidly acknowledge that the government classifies too much information, although oftentimes the observation is made with respect to the activities of agencies other than their own").

disclosure requirements for information related to unlawful and unethical government activity threatens to further this unwarranted governmental secrecy. Accordingly, Requesters demand that your office engage in an adequate and diligent effort to properly designate information, to disclose all responsive documents not properly subject to a FOIA exemption, and to comply with your obligations to provide segregable information when necessary.

We request a response to this appeal with twenty (20) working days.

Sincerely,

William Goodman

William Goodman, Esq.
Legal Director

11

# Exhibit E



**U.S. Department of Justice**

Office of Information and Privacy

*Telephone: (202) 514-3642*                              *Washington, D.C. 20530*

**JUN 2 0 2006**

William Goodman, Esq.                              Re:   Appeal No. 06-2221
Center for Constitutional Rights                          Request Nos. 1038271, et al.
666 Broadway                                              DJM:JTR
New York, NY  10012

Dear Mr. Goodman:

    You appealed from the action of the Federal Bureau of Investigation (FBI) on your request for access to records pertaining to "any warrantless electronic surveillance or warrantless physical searches of any person located within the United States . . . that references a Requesting Party [i.e., 111 named individuals]," as well as "records concerning the development, approval, and implementation of the Executive's warrantless electronic surveillance and/or warrantless physical search program within the United States."

    After carefully considering your appeal, I am affirming the FBI's action on the portion of your request pertaining to the named individuals referred to as "Requesting Parties." The FBI properly refused to confirm or deny the existence of any such records pursuant to 5 U.S.C. § 552(b)(1), which protects classified information from disclosure under the Freedom of Information Act. I am, however, referring the FBI's response to the Department Review Committee (DRC) so that it may determine if the FBI's response was proper under Executive Order 12,958, as amended. You will be informed if the DRC disagrees with the FBI's action on this portion of your request. Additionally, I note that the FBI informed you that request numbers 1038271 through 1038614 had been assigned to this portion of your request. In actuality, only part of the numbers in this range were assigned to this portion of your request. As a courtesy to you, I have enclosed a two-page printout of numbers that the FBI assigned to this portion of your request.

    Concerning the portion of your request for records pertaining to "the development, approval, and implementation of the Executive's warrantless electronic surveillance and/or warrantless physical search program within the United States," I am remanding your request to the FBI for proper consideration of your request in the first instance. In doing so, I am instructing the FBI to give prompt attention to your request for expedited processing. This is in accordance with a recent Department of Justice plan under Executive Order 13,392 (Dec. 14, 2005) that lists as an area for improvement by the FBI the proper handling of requests for expedited treatment. See U.S. Department of Justice Freedom of Information Act Improvement Plan Under Executive Order 13,392, at 90 (June 14, 2006).

-2-

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director

Enclosures (2)