UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS WILNER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Hon. Judge Cote |
| ) | |
| v. ) | 1:07-cv-3883-DLC |
| ) | |
| NATIONAL SECURITY AGENCY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF JAMES M. KOVAKAS

I, James M. Kovakas, make the following declaration under penalty of perjury.

1. I am Attorney-In-Charge of the Freedom of Information and Privacy Acts (FOI/PA) Office, Civil Division, Department of Justice. The FOI/PA Office responds to requests for records of the Civil Division, Department of Justice, made under the Freedom of Information Act (FOIA), 5 U.S.C. §552 (2006), as amended by the Open Government Act of 2007, Pub. L. No.110-175, 121 Stat. 2524 (Dec. 31, 2007) and/or the Privacy Act (PA), 5 U.S.C. §552a (2006). Pursuant to Civil Division Directive No. 137-80, I am authorized to exercise the authority of the Assistant Attorney General, Civil Division, to deny requests for records under 5 U.S.C. §§ 552 and 552a. My official duties include the supervision of all processing of such requests for Civil Division records. Pursuant to my duties I am familiar with the administrative procedures used in the processing of record requests under the FOIA and the PA at the Department of Justice. My knowledge of the processing of plaintiffs' request which is at issue in this case results from my personal review of the document as well as information obtained in my official capacity.

## Administrative Processing of the Request

2. By memorandum dated July 31, 2007, the Office of Information and Privacy (OIP), referred to the Civil Division FOI/PA Office a copy of the January 18, 2006 FOIA request of William Goodman of the Center for Constitutional Rights and a single record that was identified as originating in the Civil Division. The referral requested that the record be reviewed and a direct response be made to the requester. Pursuant to my review of the record under the FOIA, I determined that the record was exempt under 5 U.S.C. 552 (b)(5) which permits withholding of records that constitute attorney work product, pre-decisional deliberative process or are attorney client privileged. By letter dated August 22, 2007, I responded to the requester and advised him of my determination. I also advised him of his administrative appeal and judicial review rights. A copy of the letter is attached as Exhibit A.

## Description of Document Withheld

3. The document at issue is an email communication dated January 13, 2006 from Carl Nichols, Deputy Assistant Attorney General of the Civil Division, to an attorney in the Office of Legal Counsel and attorneys in other offices of the department including the Office of the Attorney General, Office of the Solicitor General, Office of the Deputy Attorney General, Office of Intelligence and Policy Review, and Criminal Division. The email consists of Mr. Nichols comments on a draft of the white paper presenting legal authorities supporting certain activities of the National Security Agency (NSA). He raises a possible issue to be considered before the white paper is finalized. The document was withheld pursuant to the deliberative process privilege incorporated within the fifth exemption to disclosure under the FOIA. It is exempt pursuant to the attorney work product privilege incorporated with Exemption 5 as well. The email was exchanged only within the Department of Justice; it was sent from Carl Nichols (Civil

1

Division) to Steve Bradbury, Office of Legal Counsel, Kyle Sampson (Office of the Attorney General), William Moschella (Office of the Deputy Attorney General), Courtney Elwood (Office of the Attorney General), James Baker (Office of Intelligence & Policy Review), Patrick Rowan (Office of the Deputy Attorney General), Paul D. Clement (Office of the Solicitor General), Peter Keisler (Assistant Attorney General, Civil Division), Alice Fisher (Assistant Attorney General, Criminal Division), Barry Sabin (Criminal Division), and Matthew Friedrich (Office of the Attorney General).

## Justification for Withholding

### Deliberative Process Privilege

4. As described above, the email was exchanged only among attorneys in offices of the United States Department of Justice. It is therefore an intra-agency document and meets the threshold for withholding under 5 U.S.C. §552(b)(5). The record is being withheld under the deliberative process privilege incorporated within this exemption to disclosure. The deliberative process in this instance is the preparation of a memorandum outlining the legal authorities for supporting NSA activities. The email predates the finalization of the memorandum or "white paper" on NSA activities and is therefore pre-decisional. It reflects the suggestions of the Civil Division as to another issue the white paper might also address. The email is therefore entirely deliberative and purely so. It contains no segregable factual statements.

### Attorney Work Product Privilege

5. This privilege protects the thoughts, opinions, and strategies of attorneys in preparing for litigation or possible litigation. The document reflects an attorney's thoughts about a legal issue in the drafting of a "white paper" prepared in anticipation of litigation. Litigation against the government challenging the merits of the Terrorist Surveillance Program was in fact initiated

2

(see *ACLU v. NSA*, *CCR v. Bush*, and *Al-Haramain v. Bush*). As such, the document reflects the preparation of Department attorneys in anticipated litigation and clearly falls within the traditional meaning of attorney work product.

6. For the reasons stated above, the subject email record is exempt from disclosure under the 5 U.S.C. 552(b)(5) and properly withheld.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on this twenty-first day of April, 2008.

*James M. Kovakas*
James M. Kovakas
Attorney-In-Charge
FOI/PA Office, Civil Division
Department of Justice



**U.S. Department of Justice**

Civil Division

---

*Washington, D.C. 20530*

JMK:jk:145-FOI-9292                    August 22, 2007

William Goodman, Esq.
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012

Dear Mr. Goodman:

While processing your January 18, 2006 request, made pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. §552, the Office of Information and Privacy (OIP) located one document responsive to your request. On July 31, 2007, OIP referred the document to the Civil Division for review and response to you pursuant to the FOIA. We received your request in this office on August 2, 2007.

The document referred to this office is an electronic communication between the Civil Division and the Office of Legal Counsel dated January 13, 2006. In this email a Civil Division attorney comments on a draft of the White Paper on NSA activities.

The email was exchanged only among attorneys in offices of the United States Department of Justice. It is therefore an intra-agency document and meets the threshold for withholding under 5 U.S.C. §552(b)(5). It is exempt based upon the attorney work product, attorney-client, and deliberative process privileges incorporated within this exemption. The document is now the subject of litigation styled *NEW YORK TIMES v. United States Department of Defense*, Civil No. 06 Civ-1553 (S.D.N.Y.).

You may appeal my denial of access to records as outlined above by writing within 60 days of the receipt of this letter to the Director, Office of Information and Privacy, 1425 New York Avenue, Suite 11050, United States Department of Justice, Washington, D.C. 20530. Both the letter appealing the decision and the envelope should be clearly marked "FOIA APPEAL."

# EXHIBIT A

-2-

    Thereafter, judicial review would be available in the U.S. District Court in the district in which you reside or have your principal place of business or in the United States District Court for the District of Columbia.

               Sincerely,

               James M. Kovakas
               Attorney In Charge
           FOI/PA Office, Civil Division