**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| THOMAS B. WILNER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    Civil Action No. 07-CIV-3883 (DLC) |
| | ) |
| NATIONAL SECURITY AGENCY and | ) |
| DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

_____

**PLAINTIFFS' UNOPPOSED MOTION FOR RULE 54(b)**
**ENTRY OF A FINAL JUDGMENT**

Plaintiffs move this Court to enter final judgment on its June 25, 2008 order, granting the

government's partial motion for summary judgment regarding the *Glomar* response, for

immediate appeal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  Defendants do

not object to this motion.

**<u>INTRODUCTION</u>**

Plaintiffs submitted a Freedom of Information Act (FOIA) request to the National

Security Agency (NSA) and Department of Justice (DOJ) in January 2006.  The first item

requested (Request No. 1) was "records obtained or relating to ongoing or complete warrantless

electronic surveillance or physical searches regarding, referencing or concerning any of the

plaintiffs."  In response to Request No. 1, the government asserted a *Glomar* response, alleging

that it could neither confirm nor deny the existence of the records.  The government did not raise

a *Glomar* response regarding other portions of plaintiffs' FOIA request.

Plaintiffs filed this FOIA action seeking an order declaring that defendants' refusal to

disclose the requested records was unlawful and compelling their production.  The Court

bifurcated the proceeding into two tracks, with separate briefing schedules, one addressing the *Glomar* response to FOIA Request No.1, and the other covering all other issues.  On March 18, 2008, the government moved for partial summary judgment on the *Glomar* response ("*Glomar* motion"), and on June 25, 2008, the Court entered an order granting this motion.  On May 5, 2008, the government moved for partial summary judgment on the non-*Glomar* issues and other FOIA requests ("non-*Glomar* motion"), and on June 9, 2008, the Court denied that motion without prejudice to renew if related litigation does not resolve the issues addressed therein.

## REQUEST FOR ENTRY OF A FINAL JUDGMENT

Rule 54(b) of the Federal Rules of Civil Procedure permits a district court to "direct the entry of a final judgment as to one or more but fewer than all of the claims" in a case where two criteria are satisfied: (1) the "certified claims are based upon factual and legal questions that are distinct from those questions remaining before the trial court," and (2) there is "no just reason for delaying final judgment." *Hudson River Sloop Clearwater, Inc. v. Dept. of Navy*, 891 F.2d 414, 418, 419 (2d Cir. 1989).  Both criteria are met here.

First, as the Court recognized when it bifurcated this proceeding and isolated the *Glomar* question, the claim to be certified is distinct from all others.  Request No. 1 sought records concerning "warrantless electronic surveillance or physical searches regarding, referencing or concerning any of the plaintiffs."  The government's *Glomar* motion asserted that, in the interest of national security, FOIA did not require the disclosure of records confirming or denying whether plaintiffs were targeted for surveillance.  The Court's order and opinion of June 25th held that the government was correct as a matter of law.

The non-*Glomar* motion, by contrast, addressed government decisions to withhold records responsive to plaintiffs' other FOIA requests.  In a 76-page memorandum of law in

support of this motion, the government argued that various agencies' searches were adequate and their withholding decisions proper under FOIA exemptions 1, 2, 3, 5, 6, and 7.  If these non-*Glomar* issues are left unresolved by related litigation, the questions remaining will be distinct from the lawfulness or unlawfulness of the government's *Glomar* response.

Second, there is no just reason for delaying final judgment.  The government has raised no objection to the entry of a final judgment, and, moreover, delay would contravene "the public interest in this matter."  *ACLU v. Dept. of Defense,* 406 F. Supp. 2d 330, 334 (S.D.N.Y. 2005).  As explained in plaintiffs' opposition to the *Glomar* motion, the open possibility that the government has conducted and may conduct warrantless surveillance of plaintiffs' communications continues to impede their ability to represent their clients in Guantánamo and elsewhere.  In similar FOIA litigation concerning a *Glomar* response, the court granted in part the government's summary judgment motion regarding certain categories of documents, and issued a Rule 54(b) final judgment making all *Glomar* claims immediately appealable.  *Id*. at 333-34.  The court stressed that "time is of the essence in a FOIA case," and ruled that there is "no just reason for delay."

**CONCLUSION**

Entry of a final judgment on this Court's June 25th order granting partial summary judgment to the government regarding the *Glomar* response is warranted under Rule 54(b).  Plaintiffs respectfully request that the Court enter an order expressly determining that there exists no just reason for delay and directing the entry of final judgment.

Respectfully submitted,


 s/ Mark A. Schwartz

Kathryn A. Sabbeth (KS 9014)          Shayana Kadidal (SK-1278)
David C. Vladeck (DV 4836)            Emilou Maclean (EM-0121)
Georgetown University Law Center      Center for Constitutional Rights
Institute for Public Representation   666 Broadway, 7th Floor
600 New Jersey Avenue, NW, Suite 312  New York, NY 10012
Washington, D.C. 20001                (212) 614-6438
(202) 662-9546                        Email: skadidal@ccr-ny.org

*Of Counsel*                          James R. Rubin
                                      Julie P. Shelton
                                      Karen Borg
                                      Mark A. Schwartz
                                      Butler Rubin Saltarelli & Boyd LLP
                                      70 W. Madison Street
                                      Suite 1800
                                      Chicago, Illinois 60602
Dated: July 29, 2008                  (312) 242-4112
                                      Email: jshelton@butlerrubin.com

                                      *Attorneys for Plaintiffs*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 29, 2008, a copy of the foregoing **Plaintiffs' Unopposed Motion For Rule 54(b) Entry For A Final Judgment** was filed electronically and thereby served to the parties by e-mail through the operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

I also certify that a copy of these materials was served by Federal Express Delivery on:

Alexander K. Haas
Federal Programs Branch, Civil Division
United States Department of Justice
20 Massachusetts Ave., N.W.
Washington, D.C. 20044

s/ Mark A. Schwartz
Attorney for Plaintiffs