```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/31/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
THOMAS WILNER, et al.,                  :
                         Plaintiffs,    :
                                        :   07 Civ. 3883 (DLC)
          -v-                           :
                                        :   MEMORANDUM
NATIONAL SECURITY AGENCY, et al.,       :   OPINION & ORDER
                         Defendants.    :
                                        :
----------------------------------------X

DENISE COTE, District Judge:

   Plaintiffs filed their complaint in this case on May 17, 2007, alleging that defendants wrongfully withheld documents sought by plaintiffs under the Freedom of Information Act ("FOIA").  The action was bifurcated.  The first track concerned only plaintiffs' FOIA Request No. 1 and the Glomar response issued by defendants.  The second track concerned plaintiffs' other FOIA requests and defendants' non-Glomar responses to them.  By Opinion and Order dated June 25, 2008, defendants' motion for partial summary judgment was granted.  That Opinion addressed plaintiffs' FOIA Request No. 1 and defendants' Glomar response.  The parties have agreed to suspend temporarily their prosecution of the non-Glomar part of this litigation, pending decisions by other courts on related motions.

   By motion dated July 30, 2008, plaintiffs seek entry of a final judgment as to this action's Glomar track, pursuant to

Federal Rule of Civil Procedure 54(b). Plaintiffs represent that defendants do not oppose the motion. Under Rule 54(b), "a district court may certify a final judgment where: (1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been determined; and (3) there is an express determination that there is no just reason for delay." Transp. Workers Union, Local 100 v. N.Y. City Transit Auth., 505 F.3d 226, 230 (2d Cir. 2007). A partial judgment should not be entered without careful consideration of the strong federal policy against piecemeal appeals. The power to make a Rule 54(b) certification "should be used only in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Grand River Enter. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005) (citation omitted). The power is to "be exercised sparingly." O'Bert ex. rel. O'Bert v. Vargo, 331 F.3d 29, 41 (2d Cir. 2003).

There are claims based on two FOIA requests in this case; the response to one request implicates the Glomar response, the other response does not. The issues arising from the Glomar response were determined by the June 25, 2008 Opinion granting defendants' motion for summary judgment on the Glomar response. Thus, the rights of the parties as to one of the two FOIA requests have been finally determined.

2

The Court expressly finds that there is no just reason for delay. The action is bifurcated and the non-Glomar track is in suspense for the time being. When that portion of the litigation resumes it will not require further adjudication of a Glomar response. There is no good reason to delay resolution of the questions presented by the Glomar track. This action concerns timely issues of great importance to the public, which would benefit from expeditious resolution by the Court of Appeals. Further, defendants have interposed no objection to plaintiffs' request for Rule 54(b) certification.

CONCLUSION

Plaintiffs' July 29 unopposed motion for Rule 54(b) certification is granted. The Clerk of Court shall enter partial judgment in defendants' favor on the claims associated with FOIA Request No. 1.

SO ORDERED:

Dated:   New York, New York
         July 31, 2008

                                    /s/ Denise Cote
                                    _____
                                    DENISE COTE
                                    United States District Judge

3